## BRIDGET GINLEY'S CASE.

Hampden.    January 10, 1923. — March 3, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act*, Review of weekly payments, Procedure.  *Evidence,* Presumptions and burden of proof.

Where, at the hearings by a single member of the Industrial Accident Board and by the board in review, of an application by an insurer for a review of weekly payments being made to an employee who had received personal injuries entitling him to compensation, it appears that the employee had recovered sufficiently to be able "to do certain forms of light work, if available," but there is no evidence from either the employee or the insurer that such light work is available, it is improper for the board and for a judge of the Superior Court, upon certification of the board's decision, to rule, that "the burden is on the insurer to show that such work is available to the employee," and to order the continuance of the compensation at the same rate, the burden being upon the employee, and not upon the insurer, to show that he is entitled to compensation and, if so, to what amount of compensation.

CERTIFICATION, under the provisions of the workmen's compensation act, of a decision of the Industrial Accident Board, with accompanying documents, upon an application by the insurer for a review of weekly payments to be made to Bridget Ginley who, in the course of her employment by American Writing Paper Company on May 29, 1919, received personal injuries which arose out of such employment, the decision being that the employee was "still unable to work on account of the condition of her right arm as a result of the injury received by her on May 29, 1919, and that while she is able to do certain forms of light work, if available, the burden is on the insurer to show that such work is available to the employee."

In the Superior Court, the case was heard by *Sisk*, J.  Material facts are stated in the opinion.  By order of the judge, a decree was entered using the words of the decision above quoted and adding, "that the employee is entitled to the continuance of compensation at the weekly rate of $10.67, subject to the provisions of the act." The insurer appealed.

The case was submitted on briefs.

*A. L. Green & F. F. Bennett,* for the insurer.

*T. J. O'Connor,* for the claimant.

BRALEY, J.  The claimant whose weekly wages were $16, re-·ceived an injury arising out of and in the course of her employment ·on May 29, 1919, for which compensation was paid to the date of ·the hearing under proceedings begun by the insurer to determine whether the disability arising from her injury had ceased.  The board member on conflicting evidence was warranted in finding that her inability to follow her usual employment resulted from, ·and was causally connected with her injury, and ordered the ·payments continued subject to the provisions of the statute.  The insurer having filed a claim for review, a hearing was had before the Industrial Accident Board on the report of the board member ·which contained all the material evidence.  It is undisputed that ·the employee had sufficiently recovered to be able "to do certain ·forms of light work, if available."  But no evidence had been intro-·duced before the board member that she had sought such employ-ment but had been unable to obtain it.  The board however ruled that the burden of proof was "on the insurer to show that such ·work is available to the employee."  The correctness of this ruling is the only question presented for our decision.  If the claimant, ·while working for the company under a contract at common law had been unlawfully discharged, and had brought suit claiming ·damages on the ground that she had been unable to obtain regular ·work, the burden of proof would have rested on her.  *Lopes* v. *Connolly,* 210 Mass. 487, 494.  It was decided in *Pigeon's Case,* 216 Mass. 51, that the findings of the Industrial Accident Board ·stand on the same footing as the findings of a judge sitting without a jury, and are not to be set aside if there was any evidence upon which they could have been made.  We discover no substantial difference in this respect as to the rules of evidence whether the ·trial is before a judge, or before the board.  *Diaz's Case,* 217 Mass. 36.  *Savage's Case,* 222 Mass. 205.  *Smith* v. *Hill,* 232 Mass. 188.  It has uniformly been held by this court that the burden of proof remains throughout the trial on the plaintiff to ·establish his case on all the evidence where liability is denied, or ·the amount to be recovered is in issue.  *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 536.  *Bigelow Carpet Co.* v. *Wiggin,* 209

Mass. 542. The statute while conferring the right, has made recovery of compensation dependent upon compliance with precedent conditions by the employee before his claim can be considered. G. L. c. 152, §§ 41–44. It is plain that, if not conceded by the insurer, evidence must be introduced which satisfies the statutory requirements and warrants an award. *Sponatski's Case*, 220 Mass. 526. *Doherty's Case*, 222 Mass. 98. *Newman's Case*, 222 Mass. 563. *Fierro's Case*, 223 Mass. 378. *Dube's Case*, 226 Mass. 591. *Lacione's Case*, 227 Mass. 269. *McCarthy's Case*, 231 Mass. 259. *Jakutis's Case*, 238 Mass. 308. If the question had been in dispute, the claimant would have been obliged to offer evidence as to her average weekly wages. *Gorski's Case*, 227 Mass. 456. And the amount to be awarded depends on whether the incapacity is total or partial. G. L. c. 152, §§ 34, 35. It is common knowledge that a condition, which, as in the case at bar, originally was one of total disability may by improvement change to partial disability, and if at the request of the insurer and after a hearing it appears that total disability has ceased the amount of compensation is to be accordingly reduced. G. L. c. 152, §§ 35, 45. But at such hearing the claim of the employee is still for compensation as it was in the beginning. The burden of showing the measure of her incapacity had not shifted but continued to rest on the claimant, and the ruling of the Industrial Accident Board was wrong. We have not overlooked the fact that in making the ruling the board followed *Proctor & Sons* v. *Robinson*, [1911] 1 K. B. 1004. It was there held, that where an injured employee was able to engage in "some light work," but no evidence was offered of any effort by him to obtain employment, the employers "must first establish what particular kind of light work the workman is able to perform and must follow that up either by proving that they have offered him that particular kind of light work or by giving some evidence that there is a chance of his obtaining that particular kind of work in the district if he applies for it." But, without commenting on that case or later cases cited and reviewed in the brief of counsel for the insurer which it is argued have modified or impaired the authority of *Proctor & Sons* v. *Robinson*, it is enough to say, that, not being in accordance with our system of procedure or fundamental interpretation of the statute for reasons previously stated, we decline

to follow it. The decree must be reversed, and the case remanded to the Industrial Accident Board for further proceedings not inconsistent with this opinion.

*Ordered accordingly.*