## JOSEPH E. AMELLO'S CASE.

Worcester.   September 24, 1946. — November 2, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act*, Incapacity.

There was no error in a denial by the Industrial Accident Board of an
application by an employee under G. L. (Ter. Ed.) c. 152, § 34A,
inserted by St. 1935, c. 364, for further compensation on the ground
that incapacity resulting from injury to his right hand and wrist was
permanent and total, where a finding by the board of absence of total
disability was warranted by evidence including testimony by the em-
ployee's physician that in his opinion the hand was "not totally dis-
abled by any means, but it is certainly disabled for any gainful occu-
pation that requires nimble and dexterous use of the hand. . . . [and]
is not totally and permanently disabled for any gainful occupation."

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the provisions of the work-
men's compensation act.

. A decree dismissing the claim was entered by order of
*Broadhurst*, J.

In this court the case was submitted on briefs.

*W. J. Moossa & H. J. Dumas*, for the claimant.

*E. E. Andrews*, for the insurer.

WILKINS, J.   On June 17, 1937, the employee, a repeat-
ing press operator, suffered an injury to his right hand which
fractured the index finger and required amputation of the
thumb.   The insurer made payments to the maximum
amount of $4,500, as provided in G. L. (Ter. Ed.) c. 152,
§ 34, as amended by St. 1935, c. 332, § 2, and St. 1941,
c. 624, and in addition paid $400 as specific compensation
for loss of the thumb, as provided in G. L. (Ter. Ed.) c. 152,
§ 36, as appearing in St. 1935, c. 333.   The employee applied
for further compensation under G. L. (Ter. Ed.) c. 152,
§ 34A, inserted by St. 1935, c. 364 (later amended by St.
1943, c. 276), on the ground that his incapacity is permanent
and total.   See as to §§ 34 and 34A, St. 1945, c. 717.   The

reviewing board adopted the decision of the single member denying further compensation under § 34A, and in the Superior Court a decree was entered dismissing the claim of the employee, who appealed.

The reviewing board, by adoption of the decision of the single member, found that the motions of all four fingers are limited; that there is but little motion in the wrist, which is deformed; but that in "all other respects the employee is apparently all right." It was also found that "the employee has been left with a badly impaired right hand and wrist"; that "this impairment does not constitute a total disability"; and that "there are many types of work that the employee can do."

There was no error. The decision of the board is to stand unless it is unsupported by the evidence, including all rational inferences permitted by the testimony. *Sawyer's Case*, 315 Mass. 75, 76. *Amon's Case*, 315 Mass. 210, 214. *Flaherty's Case*, 316 Mass. 719, 722. An examination of the evidence shows ample support for the decision of the board. Dr. Mulhern, a physician and surgeon, called as a witness by the employee, testified in detail as to the physical condition of the employee. To the question, "Have you an opinion as to whether he has unimpaired use of the right hand now?" he answered, "I have. The hand is not totally disabled by any means, but it is certainly disabled for any gainful occupation that requires nimble and dexterous use of the hand." When asked, "Have you an opinion as to whether or not he is totally and permanently disabled for any gainful occupation?" he testified, "I have an opinion. He is not totally and permanently disabled for any gainful occupation." It is unnecessary to make recital of the other evidence, which, it suffices to say, does not sustain the employee's contention that a finding different from that of the board was required as matter of law. *Roney's Case*, 316 Mass. 732, 734. The present case is governed by *Hummer's Case*, 317 Mass. 617, 623–624. Nothing to the contrary is contained in *Frennier's Case*, 318 Mass. 635, where the board, upon supporting evidence, found that there was a permanent and total incapacity.                    *Decree affirmed.*