JOSEPH BREK's (dependent's) CASE.

Worcester. September 24, 1956. — December 7, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board, Attorney's fee. *Evidence*, Opinion: expert; Admitted de bene; Relevancy and materiality.

Conflicting evidence in a workmen's compensation case supported findings by the Industrial Accident Board that the employee contracted asbestosis while working in the plant of a self insuring textile corporation and that such disease constituted a totally incapacitating personal injury arising out of and in the course of his employment and contributed to his death. [146–147]

Error, if any, in a finding by the Industrial Accident Board in a work-men's compensation case that the employee, who allegedly became incapacitated and died as a result of contracting asbestosis, had worked for a self insuring textile corporation for twenty years preceding such incapacity, whereas the corporation had then been in existence only fifteen years, was harmless where it appeared that the employee had worked for it during the fifteen years.   [147–148]

There was no error in a workmen's compensation case in the admission in evidence of the opinion of a physician that the employee had contracted asbestosis, which the physician based in part upon a history given him by the employee and in part upon his examination of the employee.   [148]

An exception to the admission of evidence de bene in a workmen's compensation case had no merit where no motion was later made to strike out the evidence.   [148–149]

In a workmen's compensation case in which it was alleged that the employee contracted asbestosis while working in the plant of the self insurer, testimony of a physician that all asbestosis patients whom he had ever treated came from that plant was properly admitted in view of evidence introduced by the self insurer of absence of asbestos dust in its plant.   [149]

On appeal from a decree of the Superior Court for the payment of compensation in a workmen's compensation case, an amount awarded to the claimant in the decree for costs, including counsel fees, could not be modified where no error of fact or of law was disclosed by the record.   [149]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Pecce*, J.

*John F. Driscoll*, for the self insurer.

*Thomas S. Carey*, for the claimant.

COUNIHAN, J.   The executor under the will of Joseph Brek, a deceased employee, sought to recover compensation for incapacity and death of the employee.   He also sought dependency payments for the benefit of Francis J. Brek, a son of the employee, under eighteen years of age.   The claim was founded upon the allegation that the employee became incapacitated and died as a result of contracting asbestosis while in the employ of the self insurer.   The single member awarded compensation and other payments under the workmen's compensation act.   Upon a claim of

review the reviewing board affirmed and adopted the findings and decision of the single member with exceptions not here material. Upon certification to the Superior Court, a judge recommitted the case to the Industrial Accident Board for further findings relative to the dependency of Francis J. Brek. Upon further hearing the single member modified and revised his earlier decision as to dependency in accordance with *Canavan's Case*, 331 Mass. 444. Thereafter a board of review affirmed the decision of the single member and a judge of the Superior Court entered a decree accordingly. From this decree the self insurer appealed. There was no error.

There was evidence that the employee worked on and off for various asbestos products manufacturers for about twenty-three years. He came to North Brookfield in 1927 and went to work for an asbestos textile company. That company went into bankruptcy. It was succeeded in 1932 by the present Asbestos Textile Company, Inc., the self insurer, which was then incorporated. The employee continued to work at various times for the self insurer in the carding, weaving and shipping departments. His last period of employment was from March 28, 1942, until he was discharged on March 23, 1947. During that period he was constantly exposed in the course of his employment to asbestos dust. He died on November 1, 1948.

During his last illness he was examined by two specialists in internal medicine, one the late Dr. Cadis Phipps, an impartial examiner for the Industrial Accident Board, and the other Dr. Oscar Feinsilver of Worcester. Dr. Phipps gave a report to the board in which he said, "I believe he probably has an asbestosis." Again, after the employee's death and an examination of X-rays, he reported, "It is still my opinion that the inhalation of asbestos dust at least played some part in aggravating his lung pathology." Dr. Feinsilver, who saw the employee frequently from March 3, 1948, gave his opinion that the employee during that period was suffering from a chronic lung disease of asbestosis and further that asbestosis contributed to his death.

The single member found, "There is evidence in this record that asbestos dust was perceptible in the air during the time the decedent worked at the plant of the self insurer. I find as a fact that the employee did inhale this asbestos dust during his twenty years of work with the self insurer. I accept and adopt the opinions of Doctors Feinsilver and Phipps and find that the employee did suffer from asbestosis, a disease inherent in his employment, which constitutes a personal injury arising out of and in the course of his employment. I find further that the condition of asbestosis led to the malnutrition of the decedent and that, as a result of these two causally related conditions, the employee was totally incapacitated for work from March 23, 1947, to the time of his death, November 1, 1948. I find, too, that the asbestosis contributed to the death of the decedent."

The evidence is most conflicting as to conditions in the plant of the self insurer, the exposure of the employee to asbestos dust, and its effect upon the employee's incapacity and death. But we have said so many times, that it seems needless to repeat it here, that the findings and decision of the reviewing board are to be sustained wherever possible and they are not to be reversed unless they are wholly lacking in evidential support or are tainted by errors of law. *Lysaght's Case*, 331 Mass. 451, 452–453.

The principal grievance of the self insurer seems to be that the board of review chose to adopt the version of this case offered by the claimant rather than that of the self insurer. It does, however, allege errors of law which we now consider. It has apparently waived want of notice of the injury, for it has not argued any such point in its brief. Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698.

The self insurer asserts that it was error of law for the board to find that the employee had worked for the self insurer for twenty years since it was not incorporated until 1932 and did not become the guarantor of its predecessor. It is true that the evidence does not warrant this finding, but it is plain that the employee did work for the self insurer

from its incorporation in May, 1932, until March 23, 1947, a period of almost fifteen years. The similarity of names of the two concerns apparently confused the single member and the board and led to this erroneous finding. We think that if this was error it was harmless. Moreover, whether the present textile company assumed the liabilities of its predecessor of substantially the same name does not now concern us. There was ample evidence of exposure of the employee to asbestos dust particularly during the period from March 28, 1942, to the time of his discharge on March 23, 1947. If we treat this case as one involving successive employers or insurers, the present corporation was on the risk at the time repeated exposures brought about total incapacity and resultant death. It is therefore liable. *Borstel's Case*, 307 Mass. 24, 26–27. See *Falcione's Case*, 305 Mass. 433, 435.

The self insurer further argues that the finding of dust exposure is wrong because the evidence as to this came from Mr. Igoe, an attorney, who talked with the employee after his discharge. It asserts that in his talk with Mr. Igoe the employee was describing conditions in 1927 when he first went to work there. There clearly was evidence that the employee told Mr. Igoe that when he worked in the basement just before his discharge, sorting waste, there was plenty of dust. The accuracy and reliability of Mr. Igoe's version of the story he got from the employee were for the board to determine.

The board denied a motion of the self insurer to strike out the opinion of Dr. Phipps because it was based on hearsay. The record, however, discloses that Dr. Phipps talked personally with the employee who told him of continuous exposure to asbestos dust in the "card-room." The opinion which Dr. Phipps gave was based in part upon the history of the injury which he got from the employee and in part upon rather indefinite signs of pathology in his lungs when he examined him. There was no error.

Another exception of the self insurer is to a hypothetical question put to Dr. Feinsilver in direct examination which

was admitted de bene. It is enough to dispose of this exception to say that no motion was later made to strike the question and answer. *Commonwealth* v. *Johnson*, 199 Mass. 55, 59.

An exception was also taken to the testimony of Dr. Feinsilver that all asbestosis patients that he had ever treated came from the plant of the self insurer. In view of evidence introduced by it of the absence of asbestos dust in its plant, it was proper to show that other employees in that plant had been victims of asbestosis. *Shea* v. *Glendale Elastic Fabrics Co.* 162 Mass. 463, 465.

There was no error in the award by the judge of $500 costs, including counsel fees, to the claimant. It appeared that this matter was heard twice before the single member, the board of review and a judge of the Superior Court. The record is a long one. No error of fact or of law being made to appear, we cannot modify this provision of the decree. *Watson's Case*, 322 Mass. 581, 586.

We have examined the other exceptions of the self insurer with care and find no merit in any of them.

The decree is affirmed. Costs and expenses of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended, shall be allowed by the single justice.

*So ordered.*