### ROBERT W. WHITAKER'S CASE.

Suffolk. February 7, 1968. — March 5, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Findings by Industrial Accident Board, Recommittal to Industrial Accident Board. *Proximate Cause.*

A decree denying the claim in a workmen's compensation case by reason of a decision by the single member, affirmed and adopted by the reviewing board, that the employee had failed to prove that diseases from which he suffered arose out of and in the course of his employment in a spray painting job was reversed and a decree ordered to be entered remanding the case to the Industrial Accident Board for further proceedings where the findings of the single member left the basis for the decision uncertain.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The employee appealed from a final decree by *Ponte, J.,* denying the claim.

*Pasquale J. Ventola* for the employee.

*John T. Foynes* for the insurer.

WHITTEMORE, J. This is an appeal from a final decree in the Superior Court adjudging that the employee has failed to sustain the burden of proving an injury arising out of and in the course of employment. The single member had

so ruled and the reviewing board had affirmed and adopted his findings and decision.

The employee's affliction was chronic bronchitis, emphysema and bronchiectasis. Some of the medical testimony tended to show that paint mist from his spray painting job aggravated the condition. There was contrary testimony. Because of his affliction the employee shifted to a different and lower paying job.

The insurer relies on the usual rule that the findings below are conclusive unless unsupported by the evidence or tainted by error of law. See *Look's Case*, 345 Mass. 112, 114. The single member made his ruling of failure to sustain the burden of proof "on all the evidence." This by itself undoubtedly would imply that the member had rejected the testimony that permitted a finding of significant aggravation. But the single member began his findings with the statement, "I find the credible evidence to be as follows." Although the intent is by no means clear, this statement could be taken to assert as credible all the evidence set out in the following recitals including that which if believed, taken with the consistent and supplementary testimony, would have furnished support, though slight, for a finding that the paint spray had aggravated the condition. *Clarici's Case*, 340 Mass. 495, 498. There is further difficulty. There was direct testimony of two physicians that the paint spray could not have caused the plaintiff's illness. The ambiguous decision does not foreclose the possibility that the member wrongly deemed that the failure to show that the spray was the original cause of the affliction defeated the plaintiff's case.

We again call attention to the requirement that the findings on which the conclusion of the board depends be clearly and directly stated. *Mathewson's Case*, 227 Mass. 470, 473. *Rozek's Case*, 294 Mass. 205, 207. *Moore's Case*, 330 Mass. 1, 5–6. *Herson's Case*, 341 Mass. 402, 407.

The final decree is reversed. A decree is to enter remanding the case to the board for further findings and the taking of additional evidence in its discretion.

*So ordered.*