CECILE H. LAFLAM'S CASE.

Suffolk.    January 8, 1969. — March 6, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Workmen's Compensation Act,* Incapacity.

A finding by the Industrial Accident Board in a workmen's compensation case that the employee, a woman of limited education and work experience who injured her back while pushing a cart during the course of her employment as a hospital attendant and was hospitalized three times for corrective surgery, was permanently and totally disabled within G. L. c. 152, § 34A, was warranted by evidence that the employee was unable to perform the tasks required by her previous type of employment, was unable to work even a limited number of hours a day at a job requiring little physical exertion, and was unable to obtain employment requiring no physical exertion.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Tisdale,* J.

*Gerard L. Pellegrini* for the employee.

*Leonard Glazer,* Special Assistant Attorney General (*Paul F. X. Powers,* Assistant Attorney General, with him), for the Commonwealth.

SPIEGEL, J.   This is an appeal by an employee from a final decree denying her claim for workmen's compensation. The single member found that the employee is permanently

and totally disabled and the reviewing board adopted his findings and decision. G. L. c. 152, § 10, as amended through St. 1947, c. 546.

We summarize the relevant facts. On April 26, 1956, while pushing a cart during the course of her employment as an attendant at the Northampton State Hospital, the employee suffered an injury to her back. Since the injury she has been hospitalized three times for corrective surgery. She is unable to perform any work that requires "any bending or lifting" or "prolonged standing and lifting." In 1963, the employee's husband purchased a small variety store. The store was primarily a self-service store. She worked in the store as a clerk six and one-half hours a day, five days a week. All of the heavy work was done by a hired girl. With the exception of "bending over to get candy out of the case for school children," the employee was not required to do any bending or lifting. However, "because of the difficulties in her working at the store her husband was forced to sell the store in January, 1964." The employee attended school until only the eighth grade and all of her employment prior to the injury "consisted mostly of work that one would call heavy in nature."

The Commonwealth contends that the evidence was insufficient as a matter of law to warrant the reviewing board's finding of permanent and total disability "within the meaning of G. L. c. 152, § 34A." It argues that the employee's proof failed both as to the medical evidence and as to the evidence of inability to obtain employment within her physical capabilities.

The question of total and permanent disability is one of fact and the finding of the reviewing board must stand unless there is no evidence to support it. *Amello's Case,* 320 Mass. 347, 348. *Chouinard's Case,* 325 Mass. 152, 153. Total and permanent disability "is intended to mean total and permanent disability to earn wages. . . . The total and permanent disability . . . is to be construed to be such as to prevent the employee from engaging in any occupation and performing any work for compensation or

profit, that is, from obtaining and retaining remunerative employment of any kind within his ability to perform. Complete physical or mental incapacity of the employee is not essential . . . . It is sufficient . . . that the employee's disability is such that it prevents him from performing remunerative work of a substantial and not merely trifling character, and regard must be had to the age, experience, training and capabilities of the employee." *Frennier's Case*, 318 Mass. 635, 639. See *Shirley's Case, ante*, 308.

The employee is a woman of limited education and work experience. Two medical experts stated that she was no longer able to perform the tasks required by her previous type of employment. She is not required to produce medical testimony to the effect that she is unable to perform any remunerative work. See *Frennier's Case, supra.* Nor is she required to show that she attempted to obtain employment that common sense would indicate she is incapable of performing. Following the injury she was virtually unable to work even a limited number of hours a day at a job that required little physical exertion. She has been unable to obtain employment that requires no physical exertion. We are of opinion that the evidence supports the finding that the employee is permanently and totally disabled.

The decree is reversed. A decree enforcing the reviewing board's decision is to enter. Costs of appeal are to be determined and awarded by the single justice.

*So ordered.*