IDA S. HALE'S CASE. January 22, 1976. The employer as self-insurer in this claim for compensation under G. L. c. 152 has appealed from a Superior Court decree awarding compensation to Ida S. Hale (the claimant) in accordance with a decision of the Industrial Accident Board which affirmed and adopted the findings of the single member in its decision. 1. The self-insurer argues that the evidence does not warrant the board's findings that the claimant was permanently and totally disabled from working and that this condition was directly related to her employment. At the hearing before the single member the claimant's psychiatrist testified that a work-related condition in her arms (thoracic outlet syndrome) had caused her total and permanent disability from working and that as a result of that condition she also suffered from a psychiatric condition (a depressive reaction which had developed into a condition of paranoia). The claimant's attending physician testified by deposition that, although the claimant had undergone surgery to relieve the work-related pain and swelling in her arms, she was still totally and permanently disabled from working. A psychiatrist, a witness of the self-insurer, who had examined the claimant, testified by deposition that the claimant suffered from a chronic psychoneurosis coupled with depression but that that condition had not been brought about either by her job or by the operation she had undergone, and further that she could work if she were motivated. "[T]he findings and decision of the board are to be sustained wherever possible and . . . they are not to be reversed unless they are wholly lacking in evidentiary support or are tainted by errors of law." *Sweeney's Case,* 3 Mass. App. Ct. 284, 286-287 (1975). See also *Chapman's Case,* 321 Mass. 705, 707 (1947), *Brek's Case,* 335 Mass. 144, 147 (1956), and *Cummings's Case,* 2 Mass. App. Ct. 849 (1974). Where the causation between the work-related injury and the resulting physical and psychological ramifications is not a matter of common knowledge and is beyond the experience of laymen, the proof must rest upon expert medical testimony (see *Josi's Case,* 324 Mass. 415, 417-418 [1949]; *Sevigny's Case,* 337 Mass. 747, 749 [1958]; *Buck's Case,* 342 Mass. 766, 769 [1961]), the probative value of which was to be weighed by the fact finding tribunal. *Murphy's Case,* 328 Mass. 301, 304 (1952). We have carefully reviewed the evidence before the single member and the board and have concluded that the evidence offered by the claimant's doctors indicates "more than the 'possibility or chance of the existence of a causal connection'" (*Silbovitz's Case,* 343 Mass. 372, 374 [1961], quoting *Hachadourian's Case,* 340 Mass. 81, 86 [1959]), between the claimant's work experience and her medical condition and, therefore, justifies the finding of compensable permanent and total disability. 2. While the

self-insurer also contends that certain physiotherapy prescribed by her attending physican and received by the claimant at a commercial health club was neither an adequate nor reasonable medical service under G. L. c. 152, § 30, we feel there was sufficient evidence offered by the claimant's doctors, her physiotherapist, and the claimant herself to warrant the board's findings that the treatments were necessary and the charges reasonable. See *Haggerty's Case,* 298 Mass. 466 (1937); *Chapman's Case, supra,* at 707. 3. Finally, the self-insurer maintains that the board erred in refusing recommittal of the matter to the single member pursuant to G. L. c. 152, § 10, so that the claimant's psychiatrist could produce his original notes relating to medical examinations of the claimant and be subjected to cross-examination with respect thereto. We find this argument unpersuasive since we perceive no abuse of discretion in the board's refusal to order a rehearing to consider the new evidence. *Lopes's Case,* 277 Mass. 581, 585-588 (1931). *Gramolini's Case,* 328 Mass. 86, 89 (1951). Locke, Workmen's Compensation, § 540 (1968). Costs of this appeal are to be determined by a single justice of this court.

*Decree affirmed.*

*Norman P. Beane, Jr.,* for the self-insurer.
*W. Frederick Uehlein* for the claimant.