*Roy Frank Kipp*, pro se.

ROBERT J. CAMAIONI'S CASE. June 1, 1979. This is an appeal from a judgment entered in the Superior Court denying the employee's claim for compensation for total incapacity from May 27, 1976, to date and continuing, and for dependency compensation. The employee, a guard at the Massachusetts Correctional Institution at Walpole, claimed a personal injury, compensable under G. L. c. 152, § 34, as appearing in St. 1973, c. 978, § 4, caused by "[t]ension at work resulting in hypertension and question of heart condition." The reviewing board adopted and affirmed the decision of the single member with certain amendments, and found that "the employee has failed to establish by a fair preponderance of the medical evidence that he has been incapacitated since May 27, 1976, due to a personal injury arising out of and in the course of his employment." We conclude that the case should be remanded to the board because of the lack of findings on any of the material issues raised by the claim, and for reconsideration of the evidence in the light of cases decided after the reviewing board's decision.

1. The decisions of both the single member and the board merely recite the evidence produced at the hearing and are lacking in "the subsidiary findings necessary to enable a court to understand the basis for its decision." *Wajda's Case,* 6 Mass. App. Ct. 865 (1978). Contrast *Trefrey's Case,* 5 Mass. App. Ct. 773 (1977). Meaningful judicial review of a decision of the board can only be accomplished if the subsidiary findings on which the board relies are clearly stated, *Herson's Case,* 341 Mass. 402, 407 (1960); *Whitaker's Case,* 354 Mass. 4, 5 (1968), and "it is not sufficient merely to embody the testimony in the report . . . ." *Mathewson's Case,* 227 Mass. 470, 473 (1917). The decisions here fall

---

within these comments and provide an insufficient basis for review.

2. The single member considered the issues before her to be "(1) causal relationship; (2) liability; (3) disability." After the board's action in this case, the Supreme Judicial Court concluded in two decisions that "the term 'personal injury' ... permits compensation in cases involving mental disorders or disabilities causally connected to mental trauma or shock arising 'out of the employment looked at in any of its aspects,' " *Fitzgibbons's Case*, 374 Mass. 633, 637-638 (1978), quoting from *Caswell's Case*, 305 Mass. 500, 502 (1940), and that "if an employee is incapacitated by a mental or emotional disorder causally related to a series of specific stressful work-related incidents, the employee is entitled to compensation." *Albanese's Case*, 378 Mass. 14, 14-15 (1979), but he may not be so entitled if the "employee's mental disorder [is] caused by the general stress of his working conditions ... without proof of specific, stressful work-related incidents." *Id.* at 18 n.4. See also *Begin's Case*, 354 Mass. 594, 596-597 (1968). There was medical testimony in this case that the employee suffered from essential hypertension and a severe anxiety state, which the physician concluded was causally related to certain specific stressful events that occurred in the course of his employment. On the other hand, there was additional medical evidence from a second physician that the employee "cannot emotionally cope with his job which gives him chest pain ...."

The absence of any subsidiary findings in the original decisions, and the recent case law in the area make it appropriate for the board to consider whether the employee's injury was caused or aggravated by "specific stressful work-related incidents" or was the product of "the general stress of his working conditions."

The judgment is reversed. A new judgment is to enter remanding the case to the board for further proceedings consistent with this opinion, including, if deemed appropriate, the taking of additional evidence on any of the issues raised by the claim.

*So ordered.*

The case was submitted on briefs.

*Rosalind Poll Brooker* for the employee.

*William E. Howell*, Assistant Attorney General, for the Commonwealth.