JOHN J. CARNUTE'S CASE. June 12, 1980. In this workmen's compensation case, the reviewing board affirmed and adopted the decision of the single member of the Industrial Accident Board (board) to the effect that the employee's disability was not work related. The employee sought review of the reviewing board's decision in the Superior Court pursuant to G. L. c. 152, § 11. A District Court judge sitting in the Superior Court under statutory authority ruled that the employee had, as a matter of law, sustained his burden of proof that he had suffered an injury compensable

under G. L. c. 152, and ordered the case recommitted to the board for "determination of the dates of employee's incapacity for work [and] his compensation due under Chapter 152 . . . ." In so doing the judge erred because a decision of the reviewing board "must be sustained if there may be found from the evidence any facts or combination of facts that would support it." *Chapman's Case*, 321 Mass. 705, 707 (1947). *Bator's Case*, 338 Mass. 104, 105 (1958). *Hale's Case*, 4 Mass. App. Ct. 769 (1976). There was evidence before the reviewing board which, if believed, warranted the finding that the employee's disability was chronic and not work related. It is the exclusive function of the board to weigh the evidence and to determine the facts. *McEwen's Case*, 369 Mass. 851, 853 (1976).

The nature of the judge's order, however, was interlocutory since it recommitted the case to the board for further hearings involving the amounts of compensation to be paid. In this respect the instant case differs from *Seymour's Case*, 6 Mass. App. Ct. 935 (1978), where the case had been remanded to the board for the entry of a decision in accordance with that of a single member. There, nothing remained for the board to do except the ministerial task of entering a decision as the judge had ordered and we, therefore, treated the order as a final one. Here, where no final judgment has been entered and the proceedings are incomplete, the appeal must be dismissed. However, before any further hearing takes place before the board, the Superior Court should entertain a motion to vacate the "ruling, order and decree" (which we take to be an order for the entry of judgment) and for entry of a judgment in accordance with the decision of the board.

*Appeal dismissed.*

*Edward J. Musco* for the insurer.
*John P. Webb* for the employee.