JOSEPH F. DOHERTY'S CASE. September 8, 1980. The employee appeals from a judgment of the Superior Court which "affirmed" a decision of the reviewing board (board) dismissing his claim for compensation and from an order which denied his motion for a second recommittal to the board. He claims that portions of a hospital record were erroneously admitted in evidence and that the board failed to comply with the first order of recommittal. We affirm the order denying recommittal, modify the judgment, and affirm the judgment as modified.

1. The employee argues that G. L. c. 233, § 79, rather than G. L. c. 152, § 20, governs the admissibility of hospital records, and that the patient history portion of the hospital record should have been excluded under G. L. c. 233, § 79, as having "reference to the question of liability." The patient history indicates that the source of the employee's back injury was cutting and hauling wood rather than his work as a bricklayer. We need not decide which statute is applicable, see *Fitzgibbons's Case,* 374 Mass. 633, 639 n.2 (1978), or whether the patient's history is admissible even under the more restrictive statute as an admission of a party, see *Walker* v. *West Coast Fast Freight, Inc.,* 233 F.2d 939, 942-943 (9th Cir. 1956); McCormick, Evidence § 313, at 731 (2d ed. 1972), or as a statement of a patient to a physician consulted for treatment, see *Bouchie* v. *Murray,* 376 Mass. 524, 531 (1978). So far as appears from the record, there was no objection to the admission of the hospital record at any of the hearings before the single member or before the reviewing board. The judge did not abuse his discretion in denying recommittal on this ground, which was raised for the first time on the second motion for recommittal. It is also too late to raise the question on appeal. *O'Hara's Case,* 310 Mass. 223, 227 (1941).

2. The employee's contentions that the board did not comply with the order of recommittal are not supported by the record before us. The order, in so far as here relevant, was for the board to make specific find-

ings of fact and rulings of law on the issue of causality, to receive "any new" evidence, and to render a decision "anew". It was not an order for a hearing de novo. Contrast *Haley's Case,* 356 Mass. 678, 683 (1970).

The single member acted within the scope of the recommittal order when he limited the employee's testimony to matters as to which the employee had not previously testified.

The employee argues that it was error for the single member to refuse the employee permission to introduce at a later time the testimony of a witness not present at the second hearing, and to deny his request to depose the doctor whose report the employee had placed in evidence at the first hearing. There was no offer of proof made as to the witness's testimony and, for all that appears, his testimony would have been merely cumulative. The only reason offered for seeking the doctor's deposition is counsel's statement, "I believe it is an open question as to whether he would make such a strong statement of causation." It is questionable whether such evidence was "new" within the meaning of the recommittal order. More important, there is nothing in the record which indicates any abuse of discretion in the refusal of the single member to delay the hearing to receive this evidence. See *Barry's Case,* 240 Mass. 409, 411 (1922).

3. The employee's motion to recommit a second time raises, for the most part, the same issues discussed above. Since no valid ground for a recommittal was presented to the judge, see *Sciola's Case,* 236 Mass. 407, 414-415 (1920), there is no question of an abuse of discretion in the denial of the motion.

The judgment is to be modified by striking out the affirmance of the decision of the reviewing board, and by dismissing the claim, and, as so modified, the judgment is affirmed. *Jacques's Case,* 340 Mass. 787 (1960). The order denying the motion for recommittal is affirmed.

*So ordered.*

*John E. Sheehy* for the employee.
*Ellen S. Cooper* for the insurer.