SILVIO SIMARI's CASE. January 14, 1981. There was evidence in the several medical opinions received by the reviewing board which warranted its finding that the employee was "capable of light part-time sedentary work" and could, with treatment, resume full-time work. The decision of the board is to stand unless it is unsupported by evidence, including all rational inferences which may be drawn from it. *Chapman's Case*, 321 Mass. 705, 707 (1947). *Vouniseas's Case*, 3 Mass. App. Ct. 133, 134 (1975). *Carnute's Case*, 10 Mass. App. Ct. 814, 815 (1980). It follows that the board was justified in concluding that the employee was not

totally and permanently incapacitated and, therefore, not entitled to the compensation provided for in G. L. c. 152, § 34A. *Amello's Case*, 320 Mass. 347, 348 (1946). *Weaver's Case*, 351 Mass. 709, 709 (1967). Certainly the evidence did not require a finding in the employee's favor. *DeSa's Case*, 3 Mass. App. Ct. 711, 711 (1975). Contrast *Boss* v. *Travelers Ins. Co.*, 296 Mass. 18, 22-23 (1936) (complete physical or mental incapacity of the insured not essential to total disability within meaning of insurance contract); *Khachadoorian's Case*, 329 Mass. 625, 630 (1953) (blindness prevented claimant from doing work of "a substantial and not merely trifling character").

The employee claims the board erred in denying his request to rebut the reports of the impartial physicians. On the record before us we cannot establish the date when the impartial physicians' reports were furnished. Nor does a request to rebut those reports appear in the record. We are, thus, without a factual basis for deciding the question. Contrast *Benham's Case*, 356 Mass. 196, 199-200 (1969). Compare *Phillips's Case*, 278 Mass. 194, 196 (1932); Locke, Workmen's Compensation § 493 n.71 (1968). We are not bound to inquire outside the record furnished to us by the parties. *Kunen* v. *First Agricultural Natl. Bank*, 6 Mass. App. Ct. 684, 689-690 (1978).

*Judgment affirmed.*

*Carolynn N. Fischel* for the employee.
*Edwin F. Hannon, Jr.*, for the insurer.