MICHAEL SOUSLA's CASE. February 8, 1982. This is the employee's appeal from a judgment of the Superior Court which upheld a decision of the reviewing board (board) denying the employee's claim for compensation. We affirm the judgment.

1. The employee contends that the board's order of recommittal empowered the single member to receive further expert evidence from his physician and, based on that evidence, to make supplemental findings of fact on the issue of causation. General Laws c. 152, § 10, as appearing in St. 1947, c. 546, § 10, provides, with respect to recommittals, that "[n]o party shall as of right be entitled to a second hearing upon questions of fact." This statute implies that "[c]ommonly there should not be a rehearing" (*Lopes's Case,* 277 Mass. 581, 585 [1931], citing *Doherty's Case,* 222 Mass. 98, 101 [1915]; *Vouniseas's Case,* 3 Mass. App. Ct. 133, 139 [1975]), unless the board exercises its discretion to permit the introduction of new evidence. *Lopes's Case, supra. Gramolini's Case,* 328 Mass. 86, 89 (1951). *Vouniseas's Case, supra.* Here the recommittal order specified that the existing evidence "constitute[s] the record" and directed the single member to make "further findings and decision anew on all the evidence including the question of the employee's current disability and its causal relationship to his employment." The order was obviously aimed at clarifying that portion of the single member's decision which found the employee totally disabled based on an opinion of his physician which failed to establish a causal connection between that incapacity and the claimed injury at work. See *Sevigny's Case,* 337 Mass. 747, 749 (1958), and cases cited. Contrast *McManus's Case,* 328 Mass. 171, 172-173 (1951). We construe the order as (a) allowing the single member to reconsider his pertinent factual findings in view of the deficiencies in the medical testimony and in view of the other evidence which tended to show that the injury was not work related and that the employee was not totally incapacitated, and (b) demonstrating the board's preference that the single member reexamine his findings on causation and disability, rather than the board's

making its own findings in the first instance. See generally Locke, Workmen's Compensation § 536, at 664-665 (2d ed. 1981). We conclude that the recommittal order confined the single member to the existing record, that it did not empower him to receive further evidence by way of a second deposition of the employee's physician, and that the board acted properly in striking that deposition on the ground that its taking had not been authorized. Contrast *Doherty's Case,* 10 Mass. App. Ct. 880 (1980). Since the board's action can be sustained on the foregoing ground, there is no need to consider the propriety of the other ground suggested to the board by the self-insurer for striking the deposition. See Liacos, Massachusetts Evidence 73 (5th ed. 1981). Cf. *Marlow* v. *New Bedford,* 369 Mass. 501, 507-508 (1976). Nor is it necessary to consider the employee's arguments with respect to the perceived constitutional infirmities of that alternative ground. If we were to consider either of the latter arguments, we would find them to be without merit.

2. The board had the right to deal with the case as fully as the single member and to revise his decision in whole or in part. See G. L. c. 152, § 10; Locke, Workmen's Compensation, *supra* at § 532. The findings and decision of the board "are to be sustained wherever possible and . . . they are not to be reversed unless they are wholly lacking in evidentiary support or are tainted by errors of law." *Sweeney's Case,* 3 Mass. App. Ct. 284, 286-287 (1975). See *Chapman's Case,* 321 Mass. 705, 707 (1947); *Brek's Case,* 335 Mass. 144, 147 (1956); *Hale's Case,* 4 Mass. App. Ct. 769 (1976); *Carnute's Case,* 10 Mass. App. Ct. 814 (1980). There was evidence before the board which warranted the finding that the employee had not established by a fair preponderance of the medical evidence that his disability after May 5, 1971, was causally related to his injury at work on December 21, 1970. Since the board has the exclusive function of weighing the evidence and determining the facts (*McEwen's Case,* 369 Mass. 851, 853 [1976]), its decision must stand.

*Judgment affirmed.*

*Joanne F. Goldstein* for the employee.
*Deirdre H. Harris (Paul C. Kelly* with her) for the self-insurer.