ELIZABETH F. GONZALES's CASE. May 12, 1982. The single member
to whom the case was referred for a full evidentiary hearing (G. L.
c. 152, § 8) following the entry (under G. L. c. 152, § 7, as appearing in
St. 1972, c. 742, § 1) of the June 24, 1977, order authorizing the discon-
tinuance of compensation payments (see *Assuncao's Case*, 372 Mass. 6, 9
[1977]; *Rival's Case*, 383 Mass. 172, 173 [1981]; *Manoli's Case*, 12 Mass.
App. Ct. 222, 223-224 [1981]) identified the issue as the "[e]xtent of *pres-
ent* disability" (emphasis supplied). The opposing medical experts who
testified at the § 8 hearing differed as to whether there was any causal
relationship between the industrial injury sustained by the employee and

the physical manifestations which they had observed in the course of their respective examinations of her (see *Johnson's Case*, 278 Mass. 365, 368-369 [1932]; *Hummer's Case*, 317 Mass. 617, 621-623 [1945]), but they shared the opinion that the employee was capable, at the time of the hearing, of performing light work in a job different from the one she had held at the time of the injury. See, e.g., *Demetre's Case*, 322 Mass. 95, 100-101 (1947); *Dimitropoulos's Case*, 343 Mass. 341, 345 (1961). The second reviewing board (G. L. c. 152, § 10), to which the case was taken following the "decision anew" rendered by the single member pursuant to an earlier order of remand (compare *Sousla's Case*, ante 935, 935-936 [1982]), expressly allowed the employee's motion for a finding and ruling that "[t]he issue to be determined by the [b]oard is that of the [e]mployee's *'present* capacity' as the result of the injury of May 7, 1976" (emphasis supplied). However, the employee, despite her success in securing the formulation of such an issue, failed to sustain her burden of introducing evidence from which either the single member or the reviewing board could find that she had suffered any impairment of her earning capacity as the result of any partial disability to which she might still be subject. See G. L. c. 152, § 35; *Ginley's Case*, 244 Mass. 346, 348 (1923); *Look's Case*, 345 Mass. 112, 115 (1962), and cases cited. In the circumstances, no useful purpose would be served by commenting on the complete absence of any evidence or subsidiary findings which would support the second reviewing board's conclusory finding that "the employee's incapacity resulting from her injury of May 7, 1976 terminated on June 24, 1977." See *Camaioni's Case*, 7 Mass. App. Ct. 927, 927-928 (1979), and cases cited. Nor is there any point in commenting on the employee's contention that the second reviewing board should have been comprised of the same three members of the Industrial Accident Board who had earlier remanded the case to the single member. See *Devine's Case*, 236 Mass. 588, 592-594 (1921); *Fountaine's Case*, 246 Mass. 513, 514-517 (1923); *Wozniak's Case*, 299 Mass. 471, 474 (1938). Contrast *Berninger's Case*, 253 Mass. 52 (1925). The judgment of the Superior Court is to be modified by striking out pars. (1) and (2) thereof and, as so modified, is affirmed.

*So ordered.*

*Pasquale J. Ventola* for the employee.
*Edward J. Musco* for the insurer.