EARL BALLARD's CASE. May 18, 1982. This is an appeal by an employee from a judgment of the Superior Court which upheld a decision of the Industrial Accident Board (board) that the employee was only partially disabled as the result of a back injury.

The single member found that "the employee was partially disabled from performing gainful employment from July 24, 1979, to date and continuing, and . . . that the employee is capable of light adjusted work . . . ." The board affirmed and adopted the decision of the single member; thus, we look to his decision "to determine whether the action of the board was correct." *Fogerty's Case*, 3 Mass. App. Ct. 737, 738 (1975).

The extent of disability is usually a question of fact. See *Barry's Case*, 235 Mass. 408, 410 (1920). Under G. L. c. 152, the determination of diminished capacity for work (with its concomitant loss of earning power) is not confined to examining the medical evidence; it also includes an evaluation of the education, training, age, work experience and capabilities of the individual claimant. See *Frennier's Case*, 318 Mass. 635, 639 (1945). Whether a disability is partial or total depends upon the extent of incapacity for work. See Locke, Workmen's Compensation § 321 (1981). The burden of showing incapacity, whether total or partial, is on the claimant. See *Ginley's Case*, 244 Mass. 346, 348 (1923).

The employee's principal argument is that the subsidiary findings of the board were not sufficiently specific to enable a reviewing court to determine whether the denial of the award of total disability was proper or "whether the board applied correct principles of law." *Johnson's Case*, 355 Mass. 782, 783 (1968). See *DiClavio's Case*, 293 Mass. 259, 261-262 (1936). The employee points to an absence of subsidiary findings "clearly

and directly" (*Whitaker's Case*, 354 Mass. 4, 5 [1968]) indicating the range and types of activities for which the employee is considered physically and mentally capable, and which would fall into a category of employment for which the claimant is said to have earning capacity. We agree.

It is of course true that reviewing courts look with disfavor on a recital of testimony without corresponding findings (see *Messersmith's Case*, 340 Mass. 117, 119 [1959]), or on "finding[s] consisting of a categorical repetition of the statutory words governing compensability," *Belezarian's Case*, 307 Mass. 557, 560 (1940). See *Wajda's Case*, 6 Mass. App. Ct. 865 (1978). Proper decisions of the single member and the board must contain conclusions which are adequately supported by subsidiary findings which are not "lacking in evidential support or . . . tainted by error of law." *Paltsios's Case*, 329 Mass. 526, 528 (1952). See also *McEwen's Case*, 369 Mass. 851, 853 (1976), and cases cited. We hold that the single member's conclusion that the employee is capable of "light adjusted work" rests on no adequate subsidiary findings of the single member. See *Messersmith's Case*, 340 Mass. at 120. "[S]pecific and definite findings" (*Judkins's Case*, 315 Mass. 226, 227 [1943]), which are supported by the evidence, are essential to a proper determination of questions of incapacity. For example, explicit findings would have been appropriate concerning the type and amount of "light adjusted work" which the employee is now capable of doing. Compare *Cierri's Case*, 379 Mass. 914 (1979). The single member's findings here apparently rely too heavily on the rather indefinite medical opinions. In these circumstances the findings must go beyond the medical opinions (see *Frennier's Case*, 318 Mass. at 639) and identify the type of work which the employee is capable of performing within the scope of those opinions. Compare *McCann's Case*, 286 Mass. 541, 543-544 (1934). Also, pertinent here would be findings as to the extent of the employee's affirmative efforts, if any, to obtain such types of employment. *Id.* at 544 ("It was the duty of the employee to try to get other work"). See *Demetre's Case*, 322 Mass. 95, 100-101 (1947). Without a showing of attempts (unless they would be futile) to secure employment, a claimant cannot support a claim of total disability on the basis that employment is unobtainable. Compare *LaFlam's Case*, 355 Mass. 409, 411 (1969) (claimant "has been unable to obtain employment that requires no physical exertion").

Although this case must be returned to the board for more complete findings as to the extent of any incapacity for employment, no award of compensation can be made unless the employee sustains his burden of introducing evidence from which either the single member or the board can find that he is currently suffering some or total impairment of his earning capacity. See *Ginley's Case*, 244 Mass. at 348. See also *Gonzales's Case*, *ante* 1061 (1982).

In passing, we note that the judgment entered by the judge is defective in form. Any new judgment that is entered must order payments of precise amounts of compensation in accordance with the decision of the reviewing board. See *Johnson's Case*, 242 Mass. 489, 493-495 (1922). See also *Frennier's Case*, 318 Mass. at 640.

The judgment is reversed, and the case is to be remanded to the board for further and more complete findings on all the evidence, after further hearings if the board shall so determine. The new findings should specifically focus on the question of the claimant's current disability and its causal relationship to his potential for employment.

*So ordered.*

*John J. Nolan* for the employee.
*Thomas P. O'Reilly* for the insurer.