WALTER R. AVERY'S CASE. March 28, 1986. *Workmen's Compensation Act,* Total disability, Findings, Proximate cause, Judicial review, Dependency compensation, Incapacity.

We approach this workers' compensation case mindful of the limited role of judicial review. "It is the exclusive function of the [reviewing] board to consider and weigh the evidence . . ." *Chapman's Case,* 321 Mass. 705,

707 (1947). Any contention that the board ought to have made contrary findings is unavailing so long as there is any evidentiary support for the findings adopted. *Ibid.* There is occasion to reverse the findings and decision of the board only when they are wholly lacking in evidentiary support or are tainted by errors of law. *Sweeney's Case,* 3 Mass. App. Ct. 284, 286-287 (1975). *Simari's Case,* 11 Mass. App. Ct. 904 (1981). *Sousla's Case,* 13 Mass. App. Ct. 935, 936 (1982). Contrast *Camaioni's Case,* 7 Mass. App. Ct. 927 (1979), and *Ballard's Case,* 13 Mass. App. Ct. 1068 (1982), in which findings were inadequate to support the board's decision.

Avery's original back injury occurred in 1968 as the result of an industrial accident. The injury was sufficiently grave as to result in the performance in 1969 of a lumbar laminectomy and a fusion. There followed a series of sporadic employments, which ended because of back pain and weakness. In December, 1972, Avery underwent a second round of surgery. Again there was a course of sporadic employment, much of it as a truck driver, but Avery could not, because of pain and weakness, drive for more than short distances. He ceased to be able to press a clutch pedal. An attempt at carpentry failed because Avery could not work in any position which put strain on his back. During the course of carpentry training he fell from a scaffold, was hurt, and required hospitalization. By neither education nor aptitude could he do a clerical or other desk job.

The single member of the Industrial Accident Board who conducted the hearing from which this appeal flowed, and whose decision was adopted by the reviewing board (see *Haley's Case,* 356 Mass. 678, 679-680 [1970]), found Avery totally disabled from November 14, 1971, to "sometime around March 1, 1973." He also found that "the employee's total disability was causally related to the injury he sustained September 25, 1968." Indeed the only medical evidence received, that of Dr. Seymour Zimbler, who treated Avery from 1968 to 1980, traced Avery's sequential mishaps and injuries to the original 1968 accident. See *Dillon's Case,* 335 Mass. 285, 289 (1957); Locke, Workmen's Compensation § 178, at 197 (2d ed. 1981).

At the core of Avery's appeal is the single member's determination, for purposes of calculating benefits, that Avery's disability ended March 1, 1973. Entitlement to dependency benefits during periods of partial disability under G. L. c. 152, § 35A, is a peripheral issue. As noted, the reviewing board adopted the decision of the single member. Judicial review in the Superior Court culminated in a judgment dismissing the claim. See G. L. c. 152, § 11; *Webb's Case,* 318 Mass. 357, 358 (1945); Locke, Workmen's Compensation § 588 (2d ed. 1981).

There is a notable difficulty with the single member's determination that Avery's total disability ended on March 1, 1973. The evidence is uncontroverted that on that date Avery was in the midst of a hospitalization for back injury and that, when he left the hospital on March 27, he did so in a

body cast.[1] Avery's obvious total incapacity for a period sometime beyond March 27, 1973, coupled with the single member's acceptance of Dr. Zimbler's conclusion that Avery's disability was causally related to the original injury set up an internal inconsistency in the single member's decision which requires a remand to the Industrial Accident Board. There are other difficulties. The single member found that Avery did no further work in 1973. That, at least on the face of it, does not square with an end to disability in March. There is no evidence that Avery shirked employment or failed to find it for reasons other than the limitations placed by his back trouble. It was certainly not to be held against him that he tried to find work. *Ballard's Case,* 13 Mass. App. Ct. at 1069. He was not required to show that he attempted to find work he was incapable of performing. *LaFlam's Case,* 355 Mass. 409, 411 (1969). In 1974, the single member found, Avery started a job but lasted only three and a half days because of back and leg pain. The decision sets forth that the employee "testified that he did not work in 1974 and 1975." We do not know if the single member intended that recital as a finding. Indeed, a persistent defect in the purported subsidiary findings is that they are interwoven with statements of what the employee or Dr. Zimbler testified, rather than what in that evidence the single member found as fact. See *Mathewson's Case,* 227 Mass. 470, 473 (1917); *Camaioni's Case,* 7 Mass. App. Ct. at 927. On the one hand, the single member adopts Dr. Zimbler's opinion of causal connection between the 1968 injury and Avery's total disability down through the date of Dr. Zimbler's testimony in 1982; on the other, in the next paragraph of his decision, he finds "the employee has failed to sustain by a fair preponderance of the evidence that any disability he might have sustained was causally related to his injury Sept. 25, 1968" after "sometime around March 1, 1973." "Meaningful judicial review of a decision of the board can only be accomplished if the subsidiary findings on which the board relies are clearly stated." *Camaioni's Case,* 7 Mass. App. Ct. at 927. See also *Herson's Case,* 341 Mass. 402, 407 (1960); *Whitaker's Case,* 354 Mass. 4, 5 (1968).

In light of what we have decided, it will be necessary for the board to recompute the additional compensation for dependents during periods of total and partial incapacity. See G. L. c. 152, § 35A. The findings contain no indication how the determination of dependency under § 35A was made. See *Swasey's Case,* 8 Mass. App. Ct. 489, 497 (1979). Hospital admission records and tax records indicate Avery was unmarried. There is a reference by Avery in the record to a wife, but the marriage seems to have occurred after the date of Avery's 1968 injury. See G. L. c. 152, § 35A(*a*) and (*c*).

---

[1] Avery had been admitted to Oakwood Hospital in Dearborn, Michigan, as an emergency patient, on February 17, 1973. He was transferred to New England Medical Center on March 1, 1973, from which he was discharged March 27, 1973. A subsequent hospitalization occurred from January 14, 1976, to January 21, 1976.

The insurer concedes Avery is entitled to interest on the amount found payable by the board in accordance with G. L. c. 152, § 50.

The judgment is reversed. A new judgment is to enter remanding the case to the board for further proceedings consistent with this opinion, including, if deemed appropriate, the taking of additional evidence on any of the issues raised by the claim.

*So ordered.*

*John J. Nolan* for the employee.
*Leo F. Roche, Jr.,* for the insurer.