NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-201

MARGARITA METAXAS'S CASE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

An administrative judge of the Department of Industrial Accidents dismissed a claim for total incapacity benefits filed by Margarita Metaxas.  The agency's reviewing board summarily affirmed, and this appeal ensued.  After considering the administrative judge's findings and reasoning, we discern no error of law by the reviewing board, nor is the board's decision arbitrary, capricious, or otherwise not in accordance with law.  See Lamport's Case, 101 Mass. App. Ct. 26, 28 (2022); MacDonnell's Case, 82 Mass. App. Ct. 196, 201 (2012).  Accordingly, we affirm.[1]

---

[1] Metaxas is self-represented and filed an informal brief pursuant to the pilot program for self-represented litigants, but did not file a record appendix as required by that program and Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019), with respect to appellants.  Further, her brief does not contain adequate appellate argument within the meaning of the program and Mass. R. A. P. 16, as appearing in 481 Mass. 1628 (2019).

Background.  Metaxas worked at Wheelhouse Bike Co., LLC (Wheelhouse), for five days from May 20 to June 2, 2019.  On June 1, Metaxas worked her final full day, and her employment was terminated on June 2.  Neither she nor any other employee reported or documented that Metaxas had fallen at work on June 1.

On June 2, Metaxas was seen by a doctor at Cape Cod Hospital's outpatient urgent care clinic, complaining of low back pain and urinary frequency. She did not report that she had fallen at work or elsewhere.  On June 22, 2019, Metaxas was seen at the urgent care clinic for complaints that did not include pain from a fall.  On August 4, 2019, Metaxas was seen at the urgent care clinic and reported she had fallen "three months earlier," but did not state where she had fallen.  On August 21, 2019, Metaxas was again seen at the urgent care clinic and reported pain from a fall, but she again did not report where the fall occurred and said that it happened "on Memorial Day."[2] Metaxas was seen at the urgent care clinic on August 28, 2019,

_____

These failures are not excused because Metaxas is self-represented, see Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997), and we could summarily affirm the reviewing board's decision on that basis alone.  The appellees filed supplemental appendices that provide some basis for reviewing Metaxas's claims, however, and we exercise our discretion and address the merits.

[2] Memorial Day was on May 27 in 2019.

and reported "that she was carrying equipment and fell backwards down the stairs and onto her tailbone area" while working at Wheelhouse on June 1.

Wheelhouse did not carry valid workers' compensation insurance on the date of Metaxas's alleged injury.  Metaxas filed a claim with the Department of Industrial Accidents against the Workers' Compensation Trust Fund (trust fund), which, in turn, filed a motion to join Wheelhouse, which Metaxas did not oppose, and the motion was allowed.  See G. L. c. 152, § 65 (13); 452 Code Mass. Regs. § 1.20(1) (2017).  Metaxas's claim for benefits cited injuries to her coccyx, upper back, hand, head, and neck.  Wheelhouse contested liability, average weekly wage, disability, extent, and causal relationship to work.  Wheelhouse requested discovery from Metaxas.  Wheelhouse also scheduled and gave Metaxas notice of medical examinations, including one in August 2021, under G. L. c. 152, § 11A (2) (§ 11A exam).  Metaxas did not respond to the requests, and she failed to attend the August 2021 § 11A exam, prompting Wheelhouse to file a motion to dismiss the claim for lack of prosecution.  The administrative judge held a hearing on the motion to dismiss at which Metaxas testified.  While the administrative judge did not find Metaxas credible, she declined to dismiss the claim and gave the parties a chance to engage in

3

a mediation scheduled for July 7, 2022.  The mediation did not occur; Metaxas informed her attorney one week before that she would not appear on July 7 due to illness.  "At that point," the administrative judge scheduled a hearing on the merits for 9:15 A.M. on November 17, 2022.

On November 16, 2022, Metaxas sent five e-mail messages to the administrative judge arguing her case but not asking to reschedule or saying she could not appear the next day.  On November 17, Metaxas sent e-mail messages before and after the scheduled time of the hearing but never appeared.  "Though hesitant to prejudice [Metaxas's] rights," the administrative judge allowed, with prejudice, Wheelhouse's motion to dismiss, reasoning that Metaxas "has shown no regard for the other parties involved and has dragged this case on for over three years" and "has consistently delayed and obfuscated issues to the cost and detriment of the employer/insurer, the attorneys, and court personnel," which "conduct has been unreasonable."

Discussion.  Metaxas asserts that Wheelhouse lacked standing to defend against her claim because it did not carry valid workers' compensation insurance on the date of Metaxas's alleged injury.  We disagree.  Once joinder of Wheelhouse was allowed, Wheelhouse was entitled to prepare and "raise any and all . . . reasonable defenses [other than untimeliness where

4

original claim was timely] which would have been available to [it] had the claimant filed an original claim against [it]." 452 Code Mass. Regs. § 1.20(2). In other words, Wheelhouse was permitted to stand in the shoes of the trust fund with respect to Metaxas's claim.

Metaxas also claims that the administrative judge erred in finding her conduct unreasonable and asks us to review her conduct independently, but we must decline to do so. This finding is based on the administrative judge's credibility determinations and her weighing of the evidence before her, which are final. See Wilson's Case, 89 Mass. App. Ct. 398, 400 (2016).

Next, Metaxas maintains that even if her conduct was unreasonable, the administrative judge committed an error of law by dismissing her claim where G. L. c. 152, § 11A (2), provides for a "suspension" of benefits if a claimant fails to appear for their impartial medical examination, but not dismissal of the claim. Metaxas's argument misses the mark. Section 11A governs only the procedure for the appointment and use of impartial medical examiners, just one of "a series of procedural stages in the [Department of Industrial Accidents] to determine whether the claimant is entitled to benefits." Mendes's Case, 486 Mass. 139, 141 (2020). When claimants are receiving benefits during

5

the course of their proceeding, failure to appear for the examination "shall constitute sufficient cause for suspension of benefits pursuant to section forty-five." G. L. c. 152, § 11A (2). Here, Metaxas was not receiving benefits, so they could not be suspended. Moreover, as found by the administrative judge, Metaxas's unreasonable conduct went beyond her failure to appear at the § 11A impartial medical examination, and included her failure to respond to discovery and her failure to appear at the final hearing. Where Metaxas had the evidentiary burden with respect to her claims, and failed to meet it, the administrative judge was within her authority to dismiss the action. See G. L. c. 152, § 11 ("Failure of a party to appear at a hearing shall not delay the issuance of a decision"); Ginley's Case, 244 Mass. 346, 348 (1923) ("The statute while conferring the right, has made recovery of compensation dependent upon compliance with precedent conditions by the employee").

Finally, Metaxas argues that the claim process was marked by conspiracy between Wheelhouse, the trust fund, counsel, and the physicians. We discern no evidence of conspiracy or malfeasance. To the contrary, after careful review, we conclude that the administrative judge's decision is well reasoned, and

6

the subsidiary findings of fact are amply supported by the record.[3]

Decision of reviewing board
  affirmed.

By the Court (Vuono,
  Massing & Allen, JJ.[4]),

*Paul Little*

Clerk

Entered:  November 25, 2025.

---

[3] The administrative judge also properly relied on the record of the motion to dismiss and the Department of Industrial Accidents file.

[4] The panelists are listed in order of seniority.