### MASSIMO FIORENTINI'S CASE.

Suffolk.    November 14, 1933. — November 16, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board, Incapacity.

In proceedings under the workmen's compensation act, the question, whether the employee was incapacitated as a result of an injury at times subsequent to the discontinuance of compensation paid for that injury, was merely one of fact to be decided by the Industrial Accident Board on the evidence presented to it.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board denying compensation.

Proceedings before the board are described in the opinion. By order of *Walsh*, J., a decree was entered denying a motion by the employee that the case be recommitted to the board and denying compensation. The employee appealed.

*D. J. Tolman*, for the claimant.

*J. F. Cavanagh*, for the insurer.

BY THE COURT. The employee received an injury arising out of and in the course of his employment on August 8, 1928, and by agreement was paid compensation for disability up to February 13, 1930, when payments were discontinued. Hearing was granted to the employee on March 31, 1930, upon his claim that he was suffering further disability. The single member found that he had sufficiently recovered so that he was no longer incapacitated for work and was therefore not entitled to compensation. On recommittal another hearing was had ending in November, 1930, when the single member reported that the employee was not incapacitated from the effects of his injury. On review by the Industrial Accident Board in January, 1931, the employee's motion that his case be recommitted again to the single member was denied, and the finding that the employee was not incapacitated for work as the result of his injury was affirmed and compensation was denied. Final decree was entered in the Superior Court denying the employee's motion for an additional hearing, affirming the finding that he was not incapacitated for work as the result of his injury and denying his claim for compensation. The employee's appeal brings the case here.

Whether the employee was suffering incapacity at these subsequent dates was a pure question of fact. He was a witness before the single member. There was medical testimony. It is not necessary to narrate the evidence. How much of it was entitled to credence was for the determination of the single member and the board on review. The case at bar is governed in every particular by *De Pietro's Case, ante*, 381, and the decisions there collected.

*Decree affirmed.*