ABRAHAM DVLINSKY'S (dependent's) CASE.

Suffolk.    October 10, 1940. — November 26, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Workmen's Compensation Act*, To whom act applies.

The death of the owner of a building from injuries sustained in a fall from the seventh floor of the building where he was investigating and adjusting the cable of an elevator used in common by his tenants, warrantably was found not to have arisen out of or in the course of

any employment of him by a tenant on the seventh floor, a corporation of which he was president and principal stockholder but which paid him no salary nor wages.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board dismissing a claim.

A decree in accordance with the board's decision was entered by order of *Buttrick*, J.

*W. M. Blatt*, (*J. G. Weisberg* with him,) for the claimant.

*J. F. Casey*, for the insurer.

DONAHUE, J. This is a proceeding under the workmen's compensation act. Abraham Dvlinsky, while engaged on the seventh floor of a building in Brockton in investigating and adjusting the stopping arrangement on a freight elevator cable, slipped and fell to the bottom of the elevator well and received injuries which caused his death. His widow filed with the Industrial Accident Board a claim for compensation. G. L. (Ter. Ed.) c. 152, § 32.

A single member of the board heard the parties. He reported all the material evidence, and made a finding of certain facts and a decision that the death of the claimant's husband did not arise out of or in the course of any employment by an insured employer. The reviewing board adopted his findings and decision and dismissed the claim for compensation. A final decree entered in the Superior Court conformed to the findings and decision.

The following facts were agreed to by the parties. The deceased was the owner of the building where he met his death. He "took care of leasing and running the premises himself as owner." The first floor of the building was occupied by the George Merritt Shoe Company, a corporation of which the deceased was president, and the owner of ninety per cent of its capital stock. He was also president and the owner of ninety per cent of the capital stock of the Lynx Shoe Co. Inc. which occupied the seventh and eighth floors of the building. All floors of the building except the sixth were, at the time of the accident, occupied by tenants of the deceased. The freight elevator was used in common by all the tenants but "had no paid operator." The Merritt company paid the deceased a salary. The Lynx company did

not and he was not on the pay roll of that company. The Lynx company was insured under the workmen's compensation act and the Merritt company was not.

The single member viewed the premises and made the findings that the elevator was an ordinary freight elevator, running on cables which were operated or held by a person using it and that the cables ran through the elevator car and were wholly inside the elevator well.

The single member found and ruled: "that at the time of his death the deceased was working in his capacity as the owner of the building on a portion of the premises used in common by all the tenants; that said work was not done in any way or manner as an employee of the Lynx Shoe Co. Inc., whether or not at any time he was an employee of that concern within the meaning of the act. Accordingly, his death did not arise out of and in the course of any employment for an insured employer at the time of death and the claim for compensation is therefore and hereby dismissed."

There was here no liability under the workmen's compensation act for the death of the claimant's husband unless the death arose out of and in the course of his employment. G. L. (Ter. Ed.) c. 152, §§ 26, 31. *Savage's Case*, 222 Mass. 205. *Belanger's Case*, 274 Mass. 371, 374. The burden was on the claimant to prove that the death of her husband arose "out of" an employment by the Lynx Shoe Co. Inc. and also to prove that the death arose "in the course" of such an employment. *Sponatski's Case*, 220 Mass. 526, 528. *Murphy's Case*, 230 Mass. 99, 101. Whether the death of her husband arose out of and in the course of such employment was here a question of fact. *Seelig's Case*, 280 Mass. 466. *Lazarz's Case*, 293 Mass. 538, 540.

The facts to which the parties agreed and the facts ascertained when the single member took a view of the elevator, with permissible inferences therefrom, warranted a finding that the death of the claimant's husband did not arise out of and in the course of any employment by the Lynx Shoe Co. Inc. It could have been found that at the time of his fall he was not working on a portion of the premises let to any tenant, that the freight elevator was provided and main-

tained for use in common by all the tenants, that when he fell he was engaged in performing a duty resting on him as owner of the building, and that the work he was doing was not done as an employee of the Lynx Shoe Co. Inc. A finding was not required that the repair of the elevator was an incident of any employment of the deceased by the Lynx Shoe Co. Inc. Compare *Sylvia's Case*, 298 Mass. 27.

*Decree affirmed.*