MICHAEL J. MEHEGAN's (dependents') CASE.

Suffolk. October 9, 1941. — April 22, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Workmen's Compensation Act*, To whom act applies; Procedure: evidence. *Evidence*, Presumptions and burden of proof.

Evidence did not require a finding that one, who performed services for and was paid by one insured under the workmen's compensation act while being employed for full time service by a county, was an employee of the insured within the act.

Testimony by the insured in a proceeding under the workmen's compensation act, that the alleged employee was employed by the insured, was not binding on the insurer and did not require a finding to that effect.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

*P. L. Keenan*, (*J. J. Gavin* with him,) for the claimants.

*H. F. Tracy*, for the insurer.

DONAHUE, J. This is a claim under the workmen's compensation act, brought by the widow of Michael J. Mehegan for compensation for herself and dependent minor children, on the ground that her husband was an employee of Julia L. White, the insured, and that his death arose out of and in the course of his employment. G. L. (Ter. Ed.) c. 152.

A single member of the Industrial Accident Board found that the deceased was not an employee of the insured. The reviewing board affirmed and adopted this finding of the single member, denied the claim for compensation, and further found that the death of Mehegan did not arise out of and in the course of his employment under a contract of hire with the insured. A judge in the Superior Court entered a decree which adjudged that the claimant had failed to sustain the burden of proving that the deceased was an employee of the insured, and that his death did not arise out of and in the course of any employment by the insured.

It is not in dispute that on December 1, 1939, the deceased was riding in an automobile owned by the insured's brother, and operated by her husband, and that in a collision between such automobile and another motor vehicle on a public way the insured's husband and the deceased were killed. There was evidence which, if believed, warranted a finding that the relation of employer and employee existed between the insured and the deceased. There was, however, evidence which, if believed, warranted a conclusion that such relationship did not exist. The question whether the deceased was an employee of the insured was a question of fact. On this issue the claimant had the burden of proof. *Sponatski's Case*, 220 Mass. 526, 527. *Dvlinsky's Case*, 307 Mass. 427, 429.

There was evidence warranting the finding of the following facts: In the latter part of March, 1938, the insured, at the suggestion of her brother who had become a member of the Boston City Council in January of that year, started a glazing business under the name of the Highland Glass Company. She caused to be filed in the city clerk's office a business certificate stating that she proposed to do business on her own account under the name of Highland Glass Company. G. L. (Ter. Ed.) c. 209, § 10. She was a housekeeper at that time and without any experience in such a business. Most of the work done by the company was in school houses in the city of Boston and the orders for work to be done came through the mail. Her husband, who became a constable of the city of Boston in May, 1938, helped to carry on the business. She did not know "a whole lot" about the glazing business, and nothing about the books of the company, which were kept by her husband. He also kept the time of the employees and "did the payroll and everything himself." He also transported materials, tools and workmen to jobs in an automobile owned by the insured's brother, who allowed her to use the automobile in her business. She "had practically sole use of the car."

There is nothing to indicate that the insured, her brother or her husband, had any experience in the glazing business when the Highland Glass Company was started in March,

1938. The deceased, however, had conducted a glazing business under the name of Mission Hill Glass Company but had sold out his interest therein just prior to January, 1935, when he secured a full time job at the Suffolk County Court House as glazier, general handyman and mechanic. He held that position until his death on December 1, 1939.

Although a finding was warranted that moneys of the Highland Glass Company were paid to the deceased from time to time in the period between March, 1938, and December, 1939, the single member and the reviewing board were not obliged to find that such payments were made to him as an employee of the insured. The insurer, in 1939, asked the insured to exhibit her payroll records in order to determine the amounts of the premiums to be paid. She submitted to the insurer a book in which her husband kept a record of the time worked by employees. The book showed that there were only two employees of the insured in the period between March, 1938, and March 25, 1939. One was named Hurley, and the other Carten. The name of the deceased did not appear in the book. When the insured was asked why the name of the deceased was not given to the insurer for workmen's compensation purposes, her only reply was that the deceased asked her "as a special favor not to."

The employees Hurley and Carten were paid their wages at the end of each week's work and they were not required to sign receipts for the wages paid them. This was not true of the payments made to the deceased. The dates and amounts of payments made to the deceased during the first eleven months of the year 1939 were as follows: "January 3 — $300; March 31 — $300; June 16 — $350; September 9 — $5; September 12 and 18 — $3; October 3 — $100; November 16 — $150; November 18 — $10; November 25 — $10; and, November 29 — $300," a total of $1,531. For these payments the deceased was required to sign receipts. For some reason not appearing they were also signed by the insured's husband.

According to the testimony of the insured the deceased was paid by her during the first eleven months in the year

1939 the sum of $1,531. She testified that this sum represented wages paid by her to him in that period on the basis of $1.37½ an hour. If that were so he worked a total of over one thousand one hundred twelve hours in that period, which would mean that he worked the equivalent of over one hundred thirty-nine eight-hour days, while throughout the period he was also working full time at the court house.

The credibility of the witnesses and the weight to be given their testimony were for the single member and the reviewing board to determine. *Jameson's Case*, 254 Mass. 371. *Fiorentini's Case*, 284 Mass. 388. There were findings of fact that sufficiently supported the general finding of the board. *Cahill's Case*, 295 Mass. 538, 539. It cannot here be said that there was error in the conclusion of the single member and the reviewing board that the deceased was not an employee of the insured.

The claimant contends that the Industrial Accident Board was required to find that the deceased was an employee of the insured within the meaning of the workmen's compensation act, because the insured so testified. The insured's testimony was not binding on the insurer.

*Decree affirmed.*