PATRICK J. CONNERY'S CASE.

Hampden.    September 20, 1956. — December 10, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& WHITTEMORE, JJ.

*Workmen's Compensation Act*, Procedure: appeal.

An appeal from an interlocutory decree of the Superior Court denying a
motion to recommit a workmen's compensation case to the Industrial
Accident Board must be dismissed where it was entered in this court
before the entry of a final decree in the Superior Court.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the workmen's compensa-
tion act.

The employee appealed from a decree entered by order
of *O'Brien, J.*

*Samuel W. Ripa*, for the claimant.

*William C. Giles, Jr.*, for the insurer.

COUNIHAN, J.   This case comes here upon an appeal from
an interlocutory decree of a judge of the Superior Court
denying a motion of the employee to recommit the case to
the Industrial Accident Board.   No final decree was en-
tered by the judge in conformity with or disagreeing with
the decision of the reviewing board.

The case is not properly before us because no appeal lies
from an interlocutory decree.   "The statute requires a final
decree from which the party aggrieved can appeal to this
court."   *Keohane's Case*, 232 Mass. 487, 489.   *Pierce's Case*,
325 Mass. 649, 653.   *Batchon's Case*, 333 Mass. 605.

Inasmuch as this case may come before us again we deem
it appropriate to refer to certain matters which have been
brought to our attention by counsel for the employee.

At the time of the argument before us counsel for the em-
ployee presented a motion to "remand the record and direct

the Superior Court to recommit it to the Industrial Accident
Board for the inclusion of . . . [the original notice of hear-
ing] in accordance with the facts set forth in the accompany-
ing affidavit." This notice reads:

NOTICE OF DATE OF HEARING.

Patrick J. Connery                                          Employee
Perkins Machine & Gear Company                              Employer
Aetna Casualty & Surety Company                             Insurer

The hearing in the above named case will be held on Friday, January 8,
1954 at 10:00 A.M., at 32 Congress Street, Springfield, Massachusetts
*where the evidence of the employee will be taken.*

*The remainder of the testimony of the above named case will be held at a
time and place to be later designated by the Board Member.* [Emphasis
supplied.]

The parties are requested to prepare themselves accordingly.

Industrial Accident Board.
Edward P. Doyle, Secretary.

The affidavit further sets forth that this notice was
brought to the attention of the reviewing board and the
judge in support of a motion before each to recommit based
on the ground that the record was incomplete, and that
each tribunal denied the motion.

Counsel for the employee argues that he fully expected
to be notified of a further hearing before the single member
when he would be afforded an opportunity to introduce evi-
dence from the plant nurse, a Dr. Geran, presumably the
plant physician, and a Dr. Curtis to prove a causal connec-
tion between the original injury the employee sustained and
the condition of malignancy from which he later suffered.
He asserts that for this reason the record is incomplete in
that he was denied an opportunity to present his full case.

The original notice of hearing does not appear in the
record nor does it appear what occurred at the hearings be-
fore the board of review and the judge on the respective mo-
tions to recommit. We believe that if we are later required
to consider this case upon the merits there ought to be find-
ings in the record as to the original notice of hearing and as
to whether the employee intended to present further evi-

dence before the single member to prove a causal connection between the original injury the employee sustained and the condition of malignancy from which he claimed he later suffered.

*Appeal dismissed.*