### STEPHEN A. SHIRLEY'S CASE.

Worcester.    January 7, 1969. — February 4, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, &
REARDON, JJ.

*Workmen's Compensation Act*, Incapacity.

A finding by the Industrial Accident Board in a workmen's compensation
case that the employee, a general electrician, was totally disabled for
a six year period ending shortly before the hearing by the single mem-
ber of the board was warranted by testimony of the employee, his
wife, and his physician, including testimony that he had undergone
a spinal disc operation just before the beginning of that period and
that during it he wore a canvas and steel brace daily, suffered frequent
disabling spasms, and sustained recurrent falls and steady pain.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the Workmen's Compen-
sation Act.

The case was heard by *Quirico*, J.

*Arthur W. Nichols, Jr.*, for the insurer.

*Edmund Burke* for the employee.

WHITTEMORE, J.    This is an appeal by an insurer under
the Workmen's Compensation Act from a decree in the
Superior Court ordering payments to the employee by way
of total incapacity compensation in accordance with the
decision of the reviewing board which adopted the findings
and decision of the single member.

The insurer does not contest the finding of total inca-
pacity as of April 5, 1966, when the employee was examined
by his physician just before the hearing by the single mem-
ber.    The insurer does contend that there is no basis for the
finding of total incapacity for the period from April 22, 1960,
to April 5, 1966, and that the finding is based on incorrect
subsidiary findings of what the physician had observed and
reported in his testimony.

The single member's finding of total disability since April 22, 1960, was made on "consideration of all the testimony." We rule that there is adequate support in the testimony for the conclusion.

The employee, sixty-three years of age in 1966, testified that on March 21, 1960, his physician operated to fuse two discs in his spine. Since his discharge from the hospital he has worn a canvas and steel brace twenty-four hours a day and he has not been able to do any work. He was willing to work and if he were able to it would be as a general electrician. He had not looked for work since 1960. He had made some improvement for "a year or so, a year and a half" after the operation but has been "going down" since. At the end of the year and one half, the pain started radiating down the leg again. This happened every day. He kept looking for a position to relieve the pain. At night he would get "terrific cramps" and would fall out of bed to relieve the pain. He had spasms every day sometimes "2 or 3 or 12 times." It was "at least 3 years [prior to 1966] when . . . [he] first noticed" the spasms. He suffers falls both indoors and outdoors. He takes walks every day, sometimes twice, "half a mile, or a mile, mile and a half sometimes."

The employee's wife testified that she first observed his "constant pain" about "a year or so" after the operation. He has "appeared to be in pain continually." She has seen him fall half a dozen times or more. He walks about the house with his fists clenched. He used a cane for some months after he came home from the hospital in 1960, but stopped using it about the first of 1961.

Dr. Warren H. Eddy testified that in his opinion, based on his April 5, 1966, examination, the employee was totally and permanently disabled and that this was causally related to the compensable injury sustained on February 1, 1952. In the first part of 1961 Dr. Eddy did not feel that the employee could at that time try some light work. They talked about "some light work in the future." The physician then wanted the employee to increase his activities by walking or

bicycling. "However, he seemed to reach a plateau at that time and he never really showed much improvement." He was not as good in 1966 as he was in 1961. Based on his report of July 26, 1962, the physician felt the employee could "do some lighter forms of work" at that time but "he would not be able to do anything that would require a good deal of bending and lifting."

He thought in July, 1962, that the employee had a "permanent partial disability at that time and still felt encouraged he could do something." Asked when the permanent and total aspects appeared, he answered, "I would think in the last year or year and a half . . . [it] has been quite noticeable that he would never be able to do anything again."

The single member found that Dr. Eddy testified that the employee reached a plateau in March, 1961, and that from then on his condition continued to deteriorate and had worsened, and that he was totally disabled on April 5, 1966, and had reached an end result. The single member erroneously attributed to Dr Eddy the testimony as to falls and the use of a cane. This is collateral to the main issue and does not invalidate the general finding. See *Wnukowski's Case*, 296 Mass. 63, 64-65. The single member did not attribute to Dr. Eddy a conclusion of total incapacity throughout the period.

The single member was entitled to give weight to the testimony of the employee and his wife as to the extent to which his affliction interfered with normal activity. The single member was not required to accept as conclusive the physician's feeling on July 26, 1962, that the employee could do some lighter forms of work. *Fiorentini's Case*, 284 Mass. 388, 389. The physician so testified as to suggest that in 1966 he regarded his 1962 views as tentative ("I . . . still felt encouraged he could do something"). The physician did not believe "about the first of 1961" that the employee should then try working.

The single member could conclude that although the physician was encouraged by mid-1962 to believe that some

light work could be possible, the afflictions were such as to make it very unlikely that this employee, trained as a general electrician, could find and keep employment. He could find that frequent disabling spasms began about 1963 and that there were recurrent falls and steady pain. "It is sufficient if the evidence shows that the employee's disability is such that it prevents him from performing remunerative work of a substantial and not merely trifling character, and regard must be had to the age, experience, training and capabilities of the employee." *Frennier's Case*, 318 Mass. 635, 639. See *Paltsios's Case*, 329 Mass. 526, 528–529; *Khachadoorian's Case*, 329 Mass. 625, 629–631.

The decree of the Superior Court is affirmed. Costs of appeal are to be determined and awarded by the single justice.

*So ordered.*