FRANCIS C. TRANT'S CASE. March 19, 1986. *Workmen's Compensation Act,* Appeal, Recommittal, Incapacity. *Evidence,* Relevancy and materiality.

The insurer appeals from a judgment in favor of the employee which affirmed a decision of the Industrial Accident Board (board) and awarded the employee $95.00 a week for a period from February 3, 1977, to the present upon a finding of temporary total incapacity under G. L. c. 152, § 34, as appearing in St. 1973, c. 978, §§ 4 and 7. At issue are: 1) whether a Superior Court judge properly recommitted the case to the board for the purpose of excluding evidence and rendering a new decision based upon the record so amended; 2) whether the board's finding after recommittal that the employee was totally disabled for the period from February 3, 1977, to December 12, 1979, was justified; and 3) whether there is any basis for a finding that the employee remained totally or partially disabled after December 12, 1979.

It is undisputed that the employee sustained an injury to his back in May of 1975 arising out of and in the course of his employment, and that for a period of time he was paid benefits by agreement with the insurer. Proceedings for additional benefits were brought before the board by the employee in 1977. A single member of the board held an evidentiary hearing commencing on January 24, 1979. He made findings and concluded that the employee had suffered a partial disability from February 3, 1977, until December 12, 1979, and no disability after that date. The reviewing board adopted the single member's findings and rulings and affirmed. The employee sought review under G. L. c. 152, § 11, in the Superior Court, where he moved for recommittal. We have no record of those proceedings in the Superior Court other than the motion for recommittal and the judgment, in essence allowing the motion. The judge ordered that "evidence of a hypothetical job description be excluded from the record" and that the board make a new decision "based upon the amended record."

After recommittal, the matter was heard by a single member who ordered that benefits be paid to the employee at the rate of $95.00 a week for a total disability from February 3, 1977, until December 12, 1979, and that no benefits be paid for any period after that date. The reviewing board adopted the single member's findings except that it amended the decision by finding that the employee remained totally disabled and ordering that total disability payments to the employee be made "to the present [July 6, 1984] and continuing."

A second complaint for judicial review under G. L. c. 152, § 11, was brought in Superior Court where judgment entered in accordance with the final decision of the board made after recommittal.

1. The decision of the first Superior Court judge recommitting the case to the board was interlocutory in nature and not appealable. *Connery's Case,* 335 Mass. 160 (1956). *Laponius's Case,* 348 Mass. 773 (1964). *Carnute's Case,* 10 Mass. App. Ct. 814, 815 (1980). Nevertheless, on

appeal from a final order, we may review such a recommittal order because of the likelihood that it would affect, possibly erroneously, the ultimate outcome of the case. *DaLomba's Case,* 352 Mass. 598, 602 (1967). A Superior Court judge reviewing a decision of the board has broad authority to recommit a case to the board when justice so requires. *Sciola's Case,* 236 Mass. 407, 414-415 (1920), and cases cited. *Sabbagh's Case,* 346 Mass. 504, 507 (1963). *Weaver's Case,* 4 Mass. App. Ct. 820 (1976). See Locke, Workmen's Compensation § 585 (2d ed. 1981). The authority to recommit may be exercised for the purpose of striking evidence from the administrative record. See *Blosck's Case,* 277 Mass. 451, 454 (1931); *Fiander's Case,* 293 Mass. 157, 164 (1936). The question on appeal when a case is being reviewed after a final Superior Court order is whether the earlier Superior Court order to recommit was an abuse of discretion. See *Lopes's Case,* 277 Mass. 581, 586 (1931); *Georgilas's Case,* 10 Mass. App. Ct. 872 (1980).

There was no abuse of discretion in this case. At the initial evidentiary hearing in January, 1979, there was evidence that the employer had written a letter to its insurer with a description of a job, consisting of miscellaneous office work and other light duties, supposedly available to the employee. There was no evidence, however, that such a position was ever offered to the employee or that it was an existing position which the employer ever actually filled. The only evidence ordered struck by the judge related to the letter from the employer to the insurer and references to the particular job it described. Evidence from two physicians concerning tasks which the employee was able to perform on the relevant dates remained in the record, as well as the physicians' opinions that the employee could do some light work. In the absence of a showing that the job described in the letter was one which actually existed and which would have been reasonably available to an individual with the particular employee's education, experience, ability, and physical condition, its relevance was limited and its potential prejudicial impact could have been regarded reasonably as significant.

2. The second Superior Court judge properly entered judgment based upon the board's decision after recommittal.

a. Whether an employee has suffered a total disability is a question of fact, and a board's finding on that issue must stand unless unsupported by the evidence. *Wax's Case,* 357 Mass. 599, 601 (1970). There was evidence from the two physicians whose testimony was before the board that the employee could do some light work. However, one of the physicians gave inconsistent testimony on that point. The other physician qualified his opinion by stating that it was based only upon the employee's neurological condition. The employee, on the other hand, testified that he could not work for the reasons, among others, that he suffered constant pain, wore a brace, used a cane, took regular medication, had to bathe several times during each day and lie down for several hours each day, was unable to sit or stand for long periods, suffered also from a heart condition, and had never

worked other than as a laborer. "Complete physical or mental incapacity of the employee is not essential to proof of total . . . disability within the meaning of the statute. It is sufficient if the evidence shows that the employee's disability is such that it prevents him from performing remunerative work of a substantial and not merely trifling character, and regard must be had to the age, experience, training and capabilities of the employee" (citations omitted). *Frennier's Case,* 318 Mass. 635, 639 (1945). See also *Shirley's Case,* 355 Mass. 308, 311 (1969); *LaFlam's Case,* 355 Mass. 409, 410-411 (1969). The claimant had the burden of proving the extent of his incapacity. *Ginley's Case,* 244 Mass. 346, 347 (1923). However, he was not "required to show that [he] attempted to obtain employment that common sense would indicate [he] is incapable of performing." *LaFlam's Case,* 355 Mass. at 411. It is obvious that the board ultimately believed the employee when he testified that he had done everything in his power to return to work and that he was unable to work as a result of the injury. There was some additional support for the findings in the testimony from the physicians, both of whom described the employee's serious back condition and agreed that it prevented him from performing his regular work.

b. The board was also warranted, based upon the evidence, in drawing the inference that the employee's symptoms did not abruptly disappear or improve on December 12, 1979, the date of the original single member's decision. There was in fact no testimony at all about anything occurring on that date; on the contrary, the evidence was of a chronic continuing condition. The case was brought under G. L. c. 152, § 34 (providing payments for temporary total incapacity), however, and not § 34A[1] (which covers total and *permanent* incapacity) and the maximum benefit provisions of G. L. c. 152, §§ 34 and 35, therefore, apply. The judgment must be amended by adding the following sentence: The total amount payable shall not exceed $23,750. Otherwise the judgment is affirmed.

*So ordered.*

*John D. Lanoue* for the insurer.
*James P. Rooney* for the employee.

---

[1] Nothing we say is intended to preclude the employee from filing a claim under G. L. c. 152, § 34A, or to intimate that he may not be entitled to recover under that section.