## Scott D. MacDonald's Case.

No. 08-P-187.

Suffolk. December 4, 2008. - February 9, 2009.

Present: Grasso, Katzmann, & Sikora, JJ.

*Workers' Compensation Act,* Injuries to which act applies, Presumptions and burden of proof, Total incapacity. *Evidence,* Presumptions and burden of proof.

The reviewing board of the Department of Industrial Accidents, in reviewing a decision of an administrative judge awarding total and partial disability benefits to an injured employee, correctly interpreted G. L. c. 152, § 1(7A), to impose only a burden of production upon the insurer, who sought to apply that statute's heightened causation standard to the employee's claim, and properly concluded that the insurer failed to meet its burden to produce sufficient evidence from which a finder of fact could conclude that a pre-existing condition from a prior noncompensable injury combined with the employee's current injury to cause or prolong the employee's disability or need for treatment. [659-661]

An employee seeking total and partial disability benefits in proceedings before the Department of Industrial Accidents produced sufficient evidence to establish that he was injured and incapacitated as a result of a work-related accident. [661-662]

Medical evidence presented in proceedings before the Department of Industrial Accidents supported the award to an employee of total disability benefits for the time period in question. [662]

Appeal from a decision of the Industrial Accident Reviewing Board.

*Holly B. Anderson* for the insurer.

*William E. Howell,* for the employee, submitted a brief.

Grasso, J. Ohio Casualty Insurance Co. (insurer) appeals from a decision of the reviewing board of the Department of Industrial Accidents (board) affirming the decision of an administrative judge that awarded total and partial disability worker's compensation benefits to Scott D. MacDonald. The insurer contends that (1) the administrative judge and the board erroneously

found the heightened standard of causation of G. L. c. 152, § 1(7A), inapplicable, and thus did not apply the proper standard of causation to MacDonald's claim; (2) MacDonald failed, in any event, to establish that he was injured and incapacitated as a result of a work related accident; and (3) the medical evidence does not support the award of total disability benefits after mid-February, 2005. We affirm.

1. *Background.* On Friday, December 31, 2004, in the course of cleaning up a worksite at the end of a work day, MacDonald felt a tightness develop in his back while lifting buckets of water-proofing materials. At the time, MacDonald did not think the discomfort was serious, and he finished his shift. The next day, despite rest, the tightness and pain increased in intensity, and by Sunday, MacDonald was in excruciating pain. His wife arranged for a chiropractic appointment that day with Dr. Deborah Fudge, who continued to treat MacDonald through his return to work in May, 2005. During that time, on Dr. Fudge's recommendation, MacDonald had a magnetic resonance image that revealed disc herniations and degenerative changes.

MacDonald sought treatment at New England Neurological Associates, where he was treated by three different physicians. The treatment notes from those physicians referenced prior back injuries and treatment, as well as a diagnosis of pre-existing degenerative disc disease. MacDonald first reported an improvement in his symptoms on March 18, 2005, and he returned to work on May 1, 2005.[1]

An administrative judge heard MacDonald's claim for worker's compensation benefits and awarded him medical benefits, temporary total incapacity benefits under G. L. c. 152, § 34, from January 1, 2005, to March 15, 2005, and temporary partial incapacity benefits under G. L. c. 152, § 35, from March 16, 2005, until April 30, 2005. In concluding that MacDonald was entitled to benefits, the administrative judge adopted the opinion of Dr. Fudge. The administrative judge did not credit the only medical evidence offered by the insurer, an opinion that Dr. Fudge's treatments were unnecessary and excessive. The board affirmed the decision of the administrative judge.

---

[1] Because MacDonald's worker's compensation claim was for a closed period of benefits, the parties agreed to opt out of an independent medical examination. See 452 Code Mass. Regs. § 1.10(5) (1998).

2. *Applicability of G. L. c. 152, § 1(7A)*. General Laws c. 152, § 1(7A), inserted by St. 1991, c. 398, § 14, provides in pertinent part:

> "[i]f a compensable injury or disease combines with a pre-existing condition, which resulted from an injury or disease not compensable under this chapter, to cause or prolong disability or a need for treatment, the resultant condition shall be compensable only to the extent such compensable injury or disease remains a major but not necessarily predominant cause of disability or need for treatment."

The insurer argues that the administrative judge and the board erroneously found the heightened causation standard of § 1(7A) inapplicable to MacDonald's case, and that the error was occasioned by wrongly shifting the burden of proof under § 1(7A) to the insurer. We conclude that the board ruled correctly and did not misapprehend the statute or the applicable burdens that the statute imposes on the parties.[2]

General Laws c. 152, § 1(7A), imposes a heightened proof of causation on an employee who claims benefits in a situation where the claimed injury may be owing to a resultant condition arising from a combination of injuries, the claimed compensable injury and a prior noncompensable injury. In those instances where the statute applies, as part of his proof of causation the employee must prove that the "compensable injury or disease remains a major but not necessarily predominant cause of disability or need for treatment." G. L. c. 152, § 1(7A).

The board has interpreted § 1(7A) as raising an affirmative defense. An insurer that wishes to rely on the heightened causation standard of the statute must first meet a burden of production. The insurer must raise evidence that (1) the prior injury is noncompensable, and (2) the present claimed injury or condition is a resultant condition arising from a combination of the present injury and a pre-existing condition resulting from the prior noncompensable injury. "The insurer must raise § 1(7A) as a defense

---

[2]We also agree with the board that the administrative judge made a slight misstep in his analysis of the statute's applicability to MacDonald's claim, but that error was of no consequence because the insurer's failure to meet its burden of production under § 1(7A) renders that statute, and its heightened standard of causation, inapplicable.

and produce evidence to trigger its application . . . . An essential element of proof in establishing this threshold requirement is a showing by the insurer that there is a 'combination' of the industrial injury with the pre-existing condition." *Johnson* v. *Center for Human Dev.*, 20 Mass. Workers' Comp. Rep. 351, 353 (2006). If the insurer fails to meet this burden of production, "the heightened causation standard of § 1(7A) does not apply . . . ." *Id.* at 354.

If the insurer does meet its burden of production under the statute, then the employee has a burden of proof (rather than a mere burden of production) as to the inapplicability of the statute. The employee must prove that *either* (1) the prior injury was compensable, or (2) the claimed injury is not a combination injury with a prior noncompensable one. See *Castillo* v. *Cavicchio Greenhouses, Inc.*, 66 Mass. App. Ct. 218, 220-221 (2006). Moreover, in considering a § 1(7A) affirmative defense as to which the insurer has met its burden of production, the administrative judge is to make

> "findings of fact addressing whether the employee's (current injury) is, '(1) a pre-existing condition, which resulted from an injury or disease not compensable under this chapter,' which (2) 'combines with' the (compensable injury or disease) 'to cause or prolong disability or a need for treatment': and, if so, (3) whether that 'compensable injury or disease remains a major but not necessarily predominant cause of disability or need for treatment.' "

*Vieira* v. *D'Agostino Assocs.*, 19 Mass. Workers' Comp. Rep. 50, 52-53 (2005), quoting from G. L. c. 152, § 1(7A).[3]

The burden that the board imposed on the insurer under § 1(7A) in this case was a burden of production only, not a burden of persuasion, and the board's interpretation correctly reflects

---

[3]Under *Vieira*, the employee can defeat the application of the § 1(7A) affirmative defense by showing that (1) there was no pre-existing injury or, if there was, it was a compensable injury, or (2) the present claimed injury or condition is *not* combined with a pre-existing condition arising from the prior noncompensable injury. Failing proof of either of these, the employee must then satisfy the heightened causation standard, and prove that "the work injury remains a major but not necessarily predominant cause of the resultant disability or need for treatment." *Vieira*, 19 Mass. Workers' Comp. Rep. at 53.

the burdens imposed by the statute. See *Cornetta's Case*, 68 Mass. App. Ct. 107, 118 (2007) ("we accord substantial deference to the view of the agency charged with primary responsibility for administering [the statute]"). The board properly concluded that the insurer failed to meet its burden of *producing* sufficient evidence from which a finder of fact could conclude that a pre-existing condition from a prior noncompensable injury combined with MacDonald's current injury to cause or prolong disability or need for treatment — and therefore failed to properly raise the § 1(7A) defense.[4]

The medical records introduced by MacDonald, which are the sole basis relied upon by the insurer to meet its burden of production, did not demonstrate that MacDonald's claimed injury was the combination of a prior injury with the current work injury. At most, these records produced an ambiguous medical picture. See *Johnson*, 20 Mass. Workers' Comp. Rep. at 354 (bare statement that prior condition exists is alone insufficient to meet burden of production on combination issue). Having introduced no evidence of its own on the subject of combination injury,[5] the insurer is hardly in a position to complain. We cannot say that the board erred in concluding that the insurer failed to meet its burden of production under § 1(7A). Because the insurer did not meet its burden of production under the statute, it cannot be heard to complain that the administrative judge did not make the findings of fact called for under *Vieira* when that burden is met.

3. *Sufficiency of evidence of causation.* We reject the insurer's contention that MacDonald failed to prove that the December 31, 2004, work injury caused his disability. "In a workers' compensation case, the claimant shoulders the burden of proof as to all elements of the claim: employment within the coverage of the act, injury arising out of and in the course of employment,

---

[4]The insurer's argument that the administrative judge erroneously shifted the burden of proof rests on an essentially semantic error. The administrative judge's determination that there was not a combination injury would have better been stated in terms of the insurer's failing to meet its burden of *production* in that regard.

[5]The only medical evidence introduced by the insurer was the opinion of its expert that the chiropractic services rendered by Dr. Fudge were excessive and not medically reasonable.

causal relation between injury and disability, extent of disability, and a timely claim." *Phillips's Case*, 41 Mass. App. Ct. 612, 618 (1996). Because the heightened causation standard of § 1(7A) does not apply, we only need review the record to determine whether there was sufficient evidence to conclude that MacDonald met his regular burden of proof on the element of causation.

MacDonald introduced evidence, which the judge found credible, establishing that he suffered an injury at work on December 31, 2004; the injury produced a disability for which he was treated by Dr. Fudge; and, in Dr. Fudge's opinion, the work injury rendered MacDonald unable to work at all from January until March 18, 2005, and unable to work at his regular job until May 10, 2005. We agree with the board that the evidence sufficed to establish that the December 31, 2004, work injury caused MacDonald's disability.

4. *Total disability benefits after mid-February, 2005.* Likewise without merit is the insurer's contention that the award of total disability benefits from mid-February to mid-March should be reversed because MacDonald failed to establish that he had no work capacity during that time period. See *Trant's Case*, 21 Mass. App. Ct. 983, 985 (1986) (burden on employee to prove extent of incapacity to work). "Whether an employee has suffered a total disability is a question of fact, and a board's finding on that issue must stand unless unsupported by the evidence." *Id.* at 984. After hearing all the evidence, the administrative judge adopted Dr. Fudge's opinion that the December 31 work injury rendered MacDonald totally disabled until March 18, 2005, when he reported significant improvements, and specifically discredited the report of Dr. David Quinn, who opined on behalf of the insurer that Dr. Fudge's treatment was excessive and unnecessary. The evidence introduced by MacDonald, including his own testimony about his symptoms, together with the medical reports of Dr. Fudge and the other treating doctors, supported the conclusion that MacDonald proved his total disability until mid-March, 2005. See *Frennier's Case*, 318 Mass. 635, 639 (1945).

*Decision of reviewing board affirmed.*