The employer's insurer, XL Insurance America (insurer), appeals from a decision of the reviewing board of the Department of Industrial Accidents (board) which, in turn, affirmed the decision of the administrative judge ordering the insurer to pay the employee, Anahid Yapoudjian, temporary and permanent benefits pursuant to G. L. c. 152, § 34. The insurer argues that the administrative judge's decision was arbitrary and capricious, because the causal relationship and ongoing disability findings were unsupported by the evidence, and the judge failed to perform the proper analysis under G. L. c. 152, § 1(7A). The insurer also contends that it was error to allow Yapoudjian to join a claim for ongoing disability without supporting medical documentation. Discerning no error, we affirm.
The administrative judge found that Yapoudjian, a bank teller whose duties included lifting large quantities of coins, first reported transitory back pain in 2011. She received treatment and was nonsymptomatic thereafter for at least two years. In March, 2014, following an incident in which Yapoudjian lifted "several coin rolls from the floor to a wheeled chair and then rolled the chair to a service window," she again experienced back pain. Although Yapoudjian returned to work, her pain increased over the next several months. She left work in July, 2014, received treatment for her pain, and then returned to work in November, 2014. Yapoudjian continued to experience pain, and again left work in January, 2015; she has not since returned. The administrative judge found that Yapoudjian suffered an industrial injury in March, 2014, that caused her to be totally disabled for a closed period between July 12, 2014, and November 3, 2014, and again for the period January 23, 2015, to the present and continuing. The judge ordered the insurer to pay specified compensation for the periods indicated along with necessary medical treatment.
"We review a board's decision regarding workers' compensation benefits under the usual standard for appeal from a final decision of an administrative agency set forth in G. L. c. 30A, § 14(7)...." Wadsworth's Case, 461 Mass. 675, 679 (2012). "The reviewing court inquires 'whether the decision is factually warranted and not '[a]rbitrary or capricious ....' " Dalbec's Case, 69 Mass. App. Ct. 306, 312 n.8 (2007), quoting from Scheffler's Case, 419 Mass. 251, 256 (1994). "A decision is arbitrary and capricious when it lacks any rational explanation that reasonable persons might support." HerculesChem. Co. v. Department of Envtl. Protection, 76 Mass. App. Ct. 639, 643 (2010), quoting from Cambridge v. Civil Serv. Commn., 43 Mass. App. Ct. 300, 303 (1997). "[I]n cases of summary affirmance of a decision of the administrative judge by the reviewing board, the reviewing court is inspecting the findings and reasoning of the administrative judge." Dalbec, supra at 313.
First, whether an accident occurred as Yapoudjian described it is a question of fact. "Findings of fact, assessments of credibility, and determinations of the weight to be given the evidence are the exclusive function of the administrative judge." Pilon's Case, 69 Mass. App. Ct. 167, 169 (2007). While the evidence here was conflicting, we are satisfied that it adequately supports the administrative judge's findings and conclusions.
The judge specifically found Yapoudjian's testimony credible and persuasive and he adopted that testimony on all material points. The treatment notes from Doctors Kurz and Gates largely corroborated Yapoudjian's testimony and Dr. Kurz specifically opined "with reasonable medical certainty" that the industrial accident of March, 2014, was "the precipitating cause of" Yapoudjian's pain. While, as the judge noted, Dr. Kurz did not specifically opine that Yapoudjian was "disabled," the doctor stated that "certainly [Yapoudjian's] pain restricts her from being able to carry out her previous work functions." The judge's subsidiary findings and conclusions pertaining to Yapoudjian's disability, based on her "testimony and on the administrative judge's observation of [Yapoudjian] in the courtroom and on the witness stand, in conjunction with [Dr. Kurz's treatment notes and] expert medical opinion," cannot be deemed erroneous. Greci v. Visiting Nurses Assn., 12 Mass. Workers' Comp. Rep. 462, 465 (1998). It was within the judge's discretion to discount Dr. Pennell's contrary opinion. See Coggin v. Massachusetts Parole Bd., 42 Mass. App. Ct. 584, 589 (1997).
Second, because the insurer raised an affirmative defense under G. L. c. 152, § 1(7A), it was the insurer's burden to produce evidence that Yapoudjian's "claimed injury may be owing to a resultant condition arising from a combination of injuries, the claimed injury and a prior noncompensable injury." MacDonald's Case, 73 Mass. App. Ct. 657, 659 (2009). The administrative judge held that the insurer did not carry its burden. We agree. While Dr. Pennell opined that Yapoudjian's "L5-S1 disc herniation had started long before March 31, 2014," Dr. Pennell did not suggest that the herniation relates or otherwise contributed or combined to contribute in any manner to her present condition. On the contrary, Dr. Pennell specifically opined that there was "no causal relationship between the above diagnosis and her occupation as a teller or any incident or event at work on March 31, 2014." Moreover, while Dr. Pennell opined that Yapoudjian "does have preexisting conditions contributing to her low back condition," the doctor notably did not opine that these conditions either were noncompensable or otherwise causally unrelated to Yapoudjian's working conditions. In any event, and assuming the insurer minimally carried its burden to demonstrate an existing, noncompensable injury, we again observe that, in light of the other evidence presented, it was within the administrative judge's discretion to discount Dr. Pennell's opinion. See Coggin, supra.
Third, the administrative judge did not err by allowing Yapoudjian to join, after the initial conference but before hearing on the insurer's appeal, an additional claim for benefits for the period from and after January, 2015. Such an amendment is governed by 452 Code Mass. Regs. § 1.22(1) (2017),[2] which provides, as relevant here, that a motion to amend "shall be allowed ... unless the amendment would unduly prejudice the opposing party." When Yapoudjian moved to join the additional claim she already had produced medical evidence supporting her initial claim; the new claim arose only after the initial conference (after which Yapoudjian again was forced to leave work), and the additional claim was based on the same alleged March, 2014, industrial injury. The insurer has not identified any prejudice the joinder may have occasioned.
Indeed, the evidentiary record remained open, the insurer was allowed to conduct additional discovery, and the judge allowed the insurer to introduce such additional medical evidence as it wished. We thus are unable to say, on this record, that the administrative judge's decision was arbitrary, capricious, or otherwise contrary to law. See G. L. c. 30A, § 14(7). See also Chamberlain v. DeMoulas Mkts., 14 Mass. Workers' Comp. Rep. 187, 193 (2000). Cf., e.g., Goulet v. Whitin Mach. Works, Inc., 399 Mass. 547, 549 (1987) ("Although leave to amend is within the discretion of the judge, leave should be granted unless there appears some good reason for denying the motion").
Finally, we allow Yapoudjian's specific request, under G. L. c. 152, § 12A, for her reasonable attorney's fees and costs on appeal. Thus, we direct counsel to file with the clerk of this court within fourteen days a detailed and supported submission of the attorney's fees and costs sought. The insurer shall have an additional fourteen days to respond thereto. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).
Decision of reviewing board affirmed.

452 Code Mass. Regs. § 1.07 (2017), cited by the insurer, sets forth the requirements applicable to original claims.